HUDSON *et al. vs.* THE MAYOR, ETC., OF MARIETTA.

[WARNER, Chief Justice, being engaged as presiding officer of the senate during an impeachment trial, was not present at the argument of this case.]

Under the constitution of 1877, article 7, section 7, which declares that "no such county, municipality, or division shall incur any new debt except for a temporary loan or loans, to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein, without the assent of two-thirds of the qualified voters thereof, at an election for that purpose, to be held as may be prescribed by law," the city of Marietta has no authority to incur a debt of three thousand dollars in order to exchange an old fire engine for a steam fire engine, until there has been an election held according to a law prescribing

the manner thereof by an act of the general assembly. A mere vote on the question of exchange or no exchange, held under no law passed by the general assembly to carry into effect the mode of avoiding this prohibition on new debts, and held under no law of the state or the city prescribed for such an election at any time, cannot be held to be such an authorization of a new debt as will comply with the constitution and relieve the city from the prohibition. Tax-payers are interested to see that their city does not incur such debts, except lawfully, and may intervene by applying for an injunction to restrain the municipal authorities from unlawfully incurring such new liabilities.

Constitutional law. Municipal corporations. Injunction. Before Judge LESTER. Cobb County. At Chambers. May 7, 1879.

Certain citizens of Marietta, Hudson *et al.*, filed their bill against the municipal authorities to restrain them from incurring any debt in exchanging a hand fire-engine for a steam one. It was alleged that the council had discussed the question of making an exchange, and had passed a resolution calling an election for the purpose of assenting or dissenting to the same; that the ballots were marked "exchange" and "no exchange," and that two-thirds of the votes cast were in favor of an exchange; that in making such exchange the city will incur a debt of $3,000.00. Various grounds of illegality in the election were alleged, but are not material here.

In regard to the answer, it need only be stated that it admitted the necessity for incurring a debt of $3.000.00, but denied that it would impose any new burden of taxation on the citizens, as it could be met without a resort to such means.

Affidavits were read in support of the bill and answer. The chancellor refused the injunction, and complainants excepted.

W. P. McCLATCHY, for plaintiffs in error.

W. T. &. W. J. WINN; GEO. F. GOBER, for defendant.

JACKSON, Justice.

The sole question in this case is, can the city of Marietta, since the adoption of the constitution of 1877, make a new debt except as provided for in that constitution ? We think not, under the plain provisions of that fundamental law.

In the 7th section of the 7th article of the constitution of 1877, these words appear : " and no such county, municipality, or division, shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one-fifth of one per centum of the assessed value of the taxable property therein, *without the assent of two-thirds of the qualified voters thereof at an election for that purpose to be held as may be prescribed by law;* but any city, the debt of which does not exceed seven per cent. of the assessed value of the taxable property at the time of the adoption of this constitution, may be authorized by law to increase, at any time, the amount of said debt three per centum upon such assessed valuation." It is not pretended that any law has been passed authorizing such increase of debt, or to hold such an election as is contemplated in the above cited section ; and the election actually held did not comply with the constitution. So that it is an effort on the part of this city to make a new debt, incurred to procure a steam fire engine in the place of an old hand engine, at a considerable cost, without complying with that provision of our present constitution. It cannot be done.

The provision is inserted therein to stop, to dam up, this deluge of city and county debts which is flooding the country, and sinking the best interests of the people. It is made the duty of the judiciary to give the provision full effect. Section 4, par. 2, art. 1 of constitution 1877.

Citizens who must pay the taxes unconstitutionally laid, if not arrested, have the right to enjoin the collection, and the chancellor should have issued the writ at their prayer.

Judgment reversed.