FORD *et al. v.* THE MAYOR & ALDERMEN OF CARTERSVILLE.

Under its charter, the mayor and aldermen of Cartersville have a
  right to make an annual contract to supply the city with water
  and gas, provided they make provision for the payment of the
  same.   If a contract for a longer space of time is illegal, yet where
  the water and gas companies have complied with their part of the
  same, by erecting their plants at great expense in order to furnish
  the city with gas and water, and the city has received the benefits
  thereof for a year, it should pay for the gas and water consumed
  and used during that time.
(*a*) If the mayor and council have illegally exempted the water-works
  company from taxation and refused to levy a tax on its property,
  they may be compelled to do so by *mandamus.*
  January 8, 1890.

Injunction.    *Mandamus.*    Municipal    corporations.
Cartersville.   Contracts.   Constitutional   law.   Before

Judge GOBER. Bartow county. At chambers. November 22, 1889.

Reported in the decision.

J. B. CONYERS and McCUTCHEN & SHUMATE, for plaintiffs.

J. M. NEEL, J. W. AKIN, DOUGLAS WIKLE and AKIN & HARRIS, for defendants.

SIMMONS, Justice.

Ford *et al.*, citizens, freeholders and tax-payers of the city of Cartersville, in their own behalf and in behalf of the other tax-payers of said city, filed their petition, in which they alleged that the mayor and aldermen of said city had entered into a contract with the Cartersville Water-Works Company, wherein, among other things, it was stipulated that the mayor and aldermen granted to said company the exclusive franchise of supplying water to said city for 30 years, and agreed to pay said company for a certain supply of water for the benefit of the city $2,500 per annum, in semi-annual payments for said period of 30 years, thus attempting to create a debt, payable by the city, of $75,000; that it was further stipulated that said company should be relieved from all city taxes for the first ten years of said term, in consideration of its furnishing two drinking fountains to the city; that this contract was entered into and this debt attempted to be incurred without the assent of two-thirds of the qualified voters of the city, which assent the constitution of the State makes a condition precedent, and without which the contract and debt could not be made so as to bind the corporation; that the franchise attempted to be granted and the debt thus attempted to be fastened upon the city, and the contract in all its parts, are wholly void, and place no legal obligation upon the city or its tax-payers. The petition further alleged that on the same day on which

the mayor and aldermen undertook to make said contract, they entered into another contract with a different party, to supply gas-lights in the streets of the city for 20 years, contracting to pay therefor annually for that period, in forty instalments, $1,875 ; that this also was done without giving the qualified voters of the city an opportunity to assent or dissent ; that on August 12th, 1889, the mayor and aldermen passed an ordinance for the assessment of taxes on the property in the city by a special tax of twenty cents upon every $100 of taxable property, for the purpose of paying the annual instalment of $2,500 for the water supply for 1889 ; that notwithstanding this special tax is illegal, the mayor and aldermen will, on and after October 1889, proceed to issue *fi. fas.* to enforce payment of taxes under said illegal contract, unless restrained ; wherefore they pray an injunction restraining the mayor and aldermen from paying the debt of $2,500. They further pray that the contract with the Cartersville Water-Works Company and the debt thereby attempted to be fastened on said municipal corporation be adjudged void, and that perpetual injunction be decreed in the premises, and for general relief. The Cartersville Water-Works Company was made a party defendant.

Without going into the details of the answer of the municipal corporation and the Cartersville Water-Works Company, it is sufficient to say that they admitted the making of the contract, and that the Water-Works Company had furnished the water for a year, and that the first instalment had become due. The same allegations in the petition and the same answer were made in regard to the contract for furnishing gas. The temporary injunction was refused, and these two cases were argued together, as they contained the same points ; and this decision will govern both.

The charter of the city of Cartersville authorized it

to enter into contract, and expressly authorized it to establish a fire department and to furnish a supply of water for the use of said department. The view we take of these cases renders it unnecessary for us to determine whether or not the Mayor and Aldermen of the City of Cartersville could make this contract, in the one case for thirty years and in the other for twenty years, and whether or not the sum stipulated to be paid is a debt. Upon these points we express no opinion now. We do decide, however, that under the charter, the mayor and aldermen have a right to make an annual contract to supply the city with water and gas, provided they make provision for the payment of the same. It appears in this case that they made a contract with the water-works company for thirty years, and a contract for gas for twenty years, at stipulated sums to be paid annually; and although this may be illegal under the view taken by counsel for the plaintiffs in error, a part of the contract has been executed, to wit, for the year 1889, and the city of Cartersville has received the benefits of water and gas for that year. Admitting that a contract for a longer space of time is illegal, still we think that where the water company and the gas company have complied with their part of the contract by erecting their plants at great expense in order to furnish the city with gas and water, and the city has received the same, the city should pay for the gas and water, thus consumed and used. We think, therefore, that the trial judge was right in refusing to enjoin the payment of these amounts for gas and water for the year 1889. If the mayor and aldermen have illegally exempted the water-works company from taxation, and refused to levy a tax upon the property of said corporation, the citizens can compel them to do so by writ of *mandamus*.     *Judgment affirmed in both cases.*