Bradbury, J.
The circuit court held the contract, by virtue of which plaintiffs sought to recover, tobe void, for the sole reason that the proposition for bids, for making the improvement was not advertised as prescribed by section 2303, Revised Statutes.
The scheme of improvement contemplated an assessment against the property abutting thereon to pay the expense of making it. The record discloses the adoption, of the preliminary resolution declaring a necessity for the improvement and specifying its nature, or character, and the subsequent enactment of an ordinance providing therefor ; that a notice calling for bids to make the im- • provements was published; that the plaintiffs in error were the lowest responsible bidders therefor; that the plaintiffs in error and the city of Columbus entered into a contract, based upon the bid of 'the former, by the terms of which they were to *449 perform all the labor and. furnish all the material necessary to complete the improvement, and to receive therefor $8,563.36. That they had fully performed the contract on ■ their part. The terms of the contract were such that the city was not to be liable thereon to the plaintiffs in error until after the latter had exhausted their remedies against the owners of the property that abutted upon the improvements, and then only for the balance that remain uncollected. After the improvements had been substantially completed and the proportion of the entire cost that should be assessed against each parcel of abutting property, ascertained, a large number, if not all, of the abutting proprietors brought an action against the citv of Columbus and the plaintiffs in error to enjoin the city from placing the assessments upon their respective lots. This action was taken to the circuit court on appeal. The trial in the circuit court resulted in a finding that the assessments were irregular; the court proceeding under section 2289, Revised Statutes, then ascertained the actual cost of the labor and material that went into the improvement apportioned the same among the abutting owners, and charged the share of each owner upon his lot.
The contractors, plaintiffs in error, were thus reimbursed for whatever they had expended in and about the improvement. The difference between this expenditure and the contract price, representing the profits of the transaction, was about two thousand and three hundred dollars, and the object of the present action is to recover that sum from the city.
The improvement in question was local; it was inaugurated and carried onward to completion upon *450 the supposition that the benefit to result from, it to abutting property was at least equal to the sum it would cost, and that sum was to be apportioned among the owners of that property and made a charge thereon. This was the primary source from which payment was to be drawn. The city was not to be called upon for payment of any part thus to be charged upon abutting property- until after this primary source had been exhausted, and then only for so much thereof as could not be recovered from that source. Under thése conditions the city of Columbus was under no higher obligation than that of the guarantor.
The owners of the abutting property were relieved of any obligation to pay the contractors, plaintiffs in error, any sums excepting the actual cost of the improvement, because of the omission of the city council to cause the notice to bidders to be advertised according to the requirements of section 2303, Revised Statutes. That section requires -such notice to be published for four weeks in two newspapers published and of general circulation in the city, where the estimated cost of the improvement exceeds five thousand dollars. The estimated cost of the improvements in this cause exceeded that sum. A notice calling for bids was published, but the mode or length of time does not definitely appear, the record merely showing that it was for less than the statutory period. The duty of publication belongs to the city council. In omitting to ;make it in the manner prescribed by the statute the city council violated that duty. Who is to suffer for this default? Ordinarily a principal is answerable for a default of his agent in the line of the agent’s duty. If, however, that general principle should be invoked as *451 the sole arbiter of the question, much difficulty might arise in its application. Doubtless the council of a municipal corporation is generally its agent, but that the legislature might impose duties upon that body other than those pertaining to the entire municipality is conceivable. Municipal corporations are agencies of the state in the administration of its governmental affairs, and might be authorized to charge the state itself with pecuniary obligations. That it may impose obligations upon distinct portion of its inhabitants, in connection with local improvement, is shown by its frequently acting in such matters, as expressly authorized by statute. Ih such cases, no principle is ■apparent which makes that body, while acting in the local affair, the agent of the whole body of the people, instead of that portion upon whose immediate affairs the council is acting, so as to cast upon the entire body of taxpayers the burden of mistakes made in transacting the concerns of a part only. It would seem that such consequences should result, and the whole body of the inhabitants charged with liability under such circumstances, only by virtue of some oositive provisions of law.
In the present case the city of Columbus entered into a contract to pay for any balance not collectable from the abutting proprietors, and thereafter if the contract was valid it was bound to perform what the statutes required it to do to charge those abutting proprietors, and therefor if by reason of an omission of anything it was subsequently required to do, those abutting proprietors, who, as we have seen, were primarily liable, were discharged, the city should make good the loss. The question, however, is, was the contract in this ease valid? The duty which the council omitted was *452 one which preceded the making of the contract, and was preliminary thereto. The notice which it omitted to publish in the prescribed manner and for the prescribed time was provided by the legislature as a safeguard to the taxpayer, whether local or general, against private rapacity and official indifference. This beneficial provision has no value if it can be disregarded by a city council, and yet a contract entered into binding upon the city and consequently imposing a burden upon the whole body of its taxpayers. The evils that imperatively demand these restrictive statutes are of common notoriety. They can be held in check only by regarding as mandatory statutory provisions designed to circumvent them.
There are no equitable considerations that require the whole body of the taxpayers of the city to contribute to a fund to pay the plaintiffs in error. The latter, as we have seen, have been reimbursed for their expenditures made' in behalf of the improvements. They are now seeking the profits of the transaction, which, if paid by the city must be from funds raised chiefly by those who were not appreciably benefited by the work done and materials furnished. The plaintiffs in error, therefore, must recover, if at all, not upon-any equitable g’rounds, but upon a strict legal right. We think there is no hardship in requiring them, and all other parties who undertake to deal with a municipal body in respect of public improvements, to investigate the subject and ascertain at their peril whether the preliminary steps leading up to contract and prescribed by statute have been taken. No high degree of vigilance is required of persons thus situated to learn the facts. They are dealing with public agencies whose powers are defined *453 by law, and whose acts are public transactions, and they should be charged with knowledge of both. If the preliminary steps necessary to legal-' ize a contract, have not been taken, they can withdraw from the transaction altogether, or delay until the steps are taken. The citizen and taxpayer, in most instances, unless directly affected by the improvement has but a remote, contingent and inappreciable pecuniary interest in the matter and should not be required to personally interest himself about its details. If he should do so and ascertain fatal irregularities, his remedy must be by a civil action which is attended always by annoyance and expense and frequently by uncertainty.
The judiciary should construe these restrictive statutory provisions designed by the legislature to protect the public treasury from unconscionable private greed so as to effect the object intended. To accomplish the end designed by the statute, the publication of the notice prescribed by section 2303 should be held a condition precedent to the power of the city to enter into the contract providing for the improvement.
This question, and others analogous to it, have been discussed so frequently by judges and authors that it is impracticable to give more than a partial citation of the volumes in which they have been treated.
An, occasional hardship may accrue to one who negligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances, the loss should be ascribed to its true cause, the want of vigilance on the part of the sufferer, and statutes designed to protect the public should not be annulled for his benefit. Seibrecht v. New Orleans, 12 La. Ann., 496; Baltimore v. Esch *454 bach, 18 Md., 276; Taft v. Pittsford, 28 Vt., 286; Fulton v. Lincoln, 9 Neb., 358; Hudson v. Marietta, 64 Ga., 286; Logansport v. Humphrey, 84 Ind., 467; Gates v. Hancock, 45 N. H., 528; Heidelberg v. San Francois Co., 100 Mo., 69; Niles Water Works v. Niles, 59 Mich., 311; Wilhelm v. Cedar Co., 50 Ia., 254; Driftwood (etc.) Co. v. Commissioners, 72 Ind., 226; Beach on Public Corporations, section 252; Bank of U. S. v. Dandridge, 12 Wheat., 130; Smith v. Newburg, 77 N. Y., 130; Brady v. Mayor, etc., 20 N. Y., 312; Allen v. Galveston, 51 Tex. 302; Bryan v. Page, 51 Tex., 532; McBrian v. Grand Rapids, 56 Mich., 95; Argenti v. San Francisco, 16 Cal., 255; Los Angeles Gas Co. v. Toberman, 61 Cal., 199; Durango v. Pennington, 8 Col., 257; People v. Weber, 89 Ill., 347; Worthington, v. Covington, 82 Ky., 265; Addis v. Pittsburgh, 85 Pa. St., 379; Keeney v. Jersey City, 47 N. J. Law., 449; State v. Passaic, 41 N. J. L, 90.

Judgment affw^mecl.