## TOWN OF WADLEY *v.* LANCASTER.

1. Under the constitution of 1877, a municipal corporation can not lawfully purchase a fire-engine and apparatus and give negotiable promissory notes therefor, payable annually through a series of years; nor can a resolution passed at a mass meeting of citizens authorize such contract.
2. A promissory note given to the vendors under a contract of the character described in the preceding note, payable to them or their order, is invalid even in the hands of a bona fide indorsee for value before it became due.
3. Although all but one of the notes given in part for the purchase-price of the property may have been paid, and possession of the property may have been retained, this did not prevent the municipal corporation from setting up the illegality of the contract in defense to a suit on the note.
4. The holder of such note by indorsement from the original payee was not authorized to have a receiver appointed to take possession of the property, sell it, and pay the note.

Argued October 6,—Decided November 20, 1905.

Complaint. Before Judge Holden. Jefferson superior court. May 9, 1905.

Lizzie O. Lancaster brought suit against the town of Wadley, alleging as follows: On June 18, 1896, the defendant, acting through its intendant and aldermen, in pursuance of a resolution unanimously passed at a public mass meeting of citizens held for that purpose, purchased from Armstrong & Co., agents for a company dealing in apparatus for extinguishing fires, a quantity of such apparatus for the total sum of $1,200. Of the purchase price $200 was paid in cash, and five notes for $200 each, payable annually, were given. All the notes were paid except the last. Being payable to order, the note was negotiable, and the plaintiff purchased it for value in open market before due. The defendant is still in possession of the fire apparatus and making use thereof, and has never tendered it back either to the plaintiff or to the seller, but refuses to pay the last note. The prayer was that a receiver or commissioner be appointed to take charge of the property and make

sale thereof, or of so much as might be necessary to pay the amount of the note, that a general judgment be rendered against the defendant for the amount due on such note, principal, interest, attorney's fees, and cost, to be first paid out of the proceeds of the sale of the apparatus; and if the proceeds should not be sufficient, then out of any other property of the defendant subject to levy and sale. The copy note set out in the petition began, "On the first day of November 1901, we promise to pay," etc. It contained no reference to the town of Wadley, but was an ordinary promise to pay the sum of $200, with seven per cent. interest payable semi-annually, and with a provision for attorney's fees if collected by an attorney after maturity. It was signed, "G. S. Johnson, Mayor," and had on it the statement "Attested by ₊A. A. Chance, Clerk of Council, Wadley, Ga." Indorsed on it was the name "J. A. Spier, Chairman Finance Committee, of town of Wadley, Ga." Under this was the indorsement of the payees. The defendant demurred to the petition. The demurrer was overruled, and it excepted.

*Phillips & Phillips*, for plaintiff in error.
*William H. Fleming*, contra.

LUMPKIN, J. (After stating the facts.) The constitution declares that no municipality shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, without the assent of two thirds of the qualified voters thereof, at an election for that purpose, to be held as may be prescribed by law. Art. 7, sec. 7, par. 1, Civil Code, §5893. To do so is to violate the constitution and to incure a debt illegally. For a municipal corporation to purchase a fire-engine and apparatus, paying a part of the purchase-money in cash and giving notes for the balance payable in installments extending over several years, amounts to the creation of such a debt, and, if done without the authority of an election, is illegal. *City Council of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696; *Hudson* v. *Marietta,* 64 *Ga.* 286. The cases of *Danielly* v. *Cabaniss,* 52 *Ga.* 211, and *Black* v. *Cohen,* 52 *Ga.* 621, were decided prior to the adoption of the constitution of 1877. The constitution of 1868, which was in force at that time, contained no such provision as that above referred to. Those decisions held, that where a municipal corporation had lawful author-

ity to issue bonds or negotiable notes, they were binding in the hands of innocent purchasers, notwithstanding irregularity in the manner of the execution of the power. The town of Wadley, however, was not lawfully authorized to create such an indebtedness as is represented by the note sued on.

It is urged that the town, having retained and used the property and having paid all except the last note, has ratified the acts of its officials in creating the indebtedness, or has estopped itself from denying the legality of such debt as against the bona fide purchaser of the note. "Powers of all public officers are defined by law, and all persons must take notice thereof. The public can not be estopped by the acts of any officer done in the exercise of a power not conferred." Bol. Code, §268. What a municipal corporation was without authority to do its officers could not make lawful by ratification. *Dorsett* v. *Garrard*, 85 *Ga.* 734. In *City of Dawson* v. *Dawson Waterworks Co.*, 106 *Ga.* 734, supra, it is said: "Even if a benefit has been received by one of the contracting parties from a contract which is void because prohibited by the constitution, or because contrary to public policy, the receiving of such benefit will not prevent the party receiving it from setting up, against a suit to enforce the contract, the defense that the contract was illegal and void." *Covington R. Co.* v. *Athens*, 85 *Ga.* 367. True, in those cases the benefit was not in the form of personal property received and held; but the principle would not be different where the action is at law to enforce the illegal contract. The want of constitutional authority appears on the face of the petition. In the cases of *Ford* v. *Cartersville*, 84 *Ga.* 213, and *Lott* v. *Waycross*, Id. 681, the right of a municipal corporation to make an annual contract for a supply of water and lights was considered as giving the right to recover for gas and water consumed during the year. See also *Cartersville etc. Co.* v. *Cartersville*, 89 *Ga.* 683, 689. It is said that the town can not retain the property under the contract of purchase, and at the same time refuse to pay the balance of the purchase-money on the ground that the contract was illegal; and the plaintiff prays that the court appoint a receiver or commissioner to take possession of the property, sell it, and apply the proceeds to paying the note held by her. The plaintiff did not sell the property to the defendant; nor has she ever had title to it, or any lien or claim upon it; nor is it alleged that the payees who indorsed to her are not

solvent and able to reimburse her. The property was not purchased with money advanced by her to the town, or arising from a sale to her of its note or obligation. The defendant had possession of the property long before the plaintiff obtained the note. What she acquired from the original payees was simply the transfer of a promissory note which the town had no authority to give. The suit is by her as indorsee. While certain allegations and prayers of the petition appear to have been drawn with a view to obtaining equitable relief, yet the case made at last rests on the validity of the note. The prayers are that a commissioner or receiver sell the property and pay the note, principal, interest, and cost, and that a general judgment be rendered on the note. It being illegal, the case based on it and the effort to enforce it as a valid contract must fail.  *Judgment reversed. All the Justices concur.*