7603.   TOWN OF WHIGHAM *v.* GULF REFINING COMPANY.

JENKINS, J.   1.   The city court of Cairo has jurisdiction to entertain a suit ex contractu against a municipal corporation within the county of Grady, but any judgment so obtained against such a municipality could be enforced only by virtue of the writ of mandamus.

2. A municipal corporation can make a cash contract for necessary current supplies to be used in carrying on the legitimate business of the city, including the operating of its system of lights and waterworks, when made through its appropriate officers or committees, as effectually as when done by formal order or resolution of council entered in its minutes, where it appears that such contract of purchase has become obligatory through implied ratification by reason of the acceptance and use by it of the articles or supplies so contracted for. *City of Conyers* v. *Kirk,* 78 *Ga.* 480 (3 S. E. 442); *Diamond Specialty Co.* v. *City of West Point,* 11 *Ga. App.* 533 (75 S. E. 903).

3. By article 7, section 7, paragraph 1, of the constitution (Civil Code of 1910, § 6563), it is declared that the debt of a municipal corporation shall not exceed seven per centum of the assessed value of all the taxable property therein; and no municipality shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed valuation of taxable property therein, without the assent of two thirds of the qualified voters thereof at an election for that purpose, to be held as prescribed by law.

4. A liability for a legitimate current expense may be incurred, provided there is at the time of incurring the liability a sufficient sum in the treasury of the municipality which may be lawfully used to pay the same, or if a sufficient sum to discharge the liability can be raised by taxation during the current year. *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244).

5. Under such constitutional provisions municipal officers have not the right to borrow money or create debts, except as therein provided, for the reason that the municipality has sources of revenue from the income received from its light and water plants, from which it is contemplated that money will arise which can be used to discharge such indebtedness. *Tate* v. *Elberton,* 136 *Ga.* 301 (4) (71 S. E. 420).

6. Where a suit is brought to recover the purchase price of supplies alleged to have been furnished the town as necessary to the current operation of its light and water plant, the municipality is entitled to plead and prove, by way of defense thereto, that at the time such alleged liability was incurred there was not a sufficient sum in its treasury which might have been lawfully used to pay the same, and a sufficient sum could not have been raised by taxation during the current year for such purpose. *City Council of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696, 733 (6) (32 S. E. 907). While in the present suit the defendant failed to plead and prove such matter of defense, still where by the petition and the evidence in the case it is made to appear that the payment of the debt so contracted for was, by the terms of the agreement, deferred for a period of about eight months, and made to mature after the end of the then current fiscal year, it not being further shown that special provision for the payment of such indebtedness had been made at the time such liability was incurred, the petition was subject to the demurrer based upon that ground, and

·the verdict rendered for the ·plaintiff was contrary to law.  *Gaines* v. *Dyer,* 128 *Ga.* 586 (7) (58 S. E. 175); *Town of Wadley* v. *Lancaster,* 124 *Ga.* 354 (52 S. E. 335); *Butts County* v. *Jackson Banking Co.,* supra; *McCord* v. *City .of Jackson,* 135 *Ga.* 176 (69 S. E. 23); *Renfroe* v. *City of Atlanta,* 140 *Ga.* 81 (78 S. E. 449, 45 L. R. A. (N. S.) 1173).

*Judgment reversed.  Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JUNE 29, 1917.

Complaint; from city court of Cairo—Judge Willie.  May 19, 1916.

*R. R. Terrell,* for plaintiff in error..

*Bell & Weathers, W. V. Custer,* contra.