9892. GALION IRON WORKS COMPANY *v.* MARION COUNTY.

WADE, C. J. 1. By article 7, section 7, paragraph 1, of the constitution of Georgia (Civil Code, § 6563) it is declared that no county or municipal corporation shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per cent. of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof, at an election for that purpose, to be held as may be prescribed by law.

2. The petition in this case shows that the contract under which the account in controversy arose was entered into by the County of Marion and a private corporation on April 27, 1911, and by the terms of the agreement the debt was to become due and payable on March 27, 1912. The debt which it was thus sought to create is inhibited by the provisions of the constitution referred to above. *Renfroe* v. *Atlanta*, 140 *Ga.* 81 (78 S. E. 449, 45 L. R. A. (N. S.) 1173); *City Council of Dawson* v. *Dawson Waterworks Co.*, 106 *Ga.* 696, 711 (32 S. E. 907). Payment being by the terms of the agreement deferred for a period of eleven months and it being made to mature after the end of the then-current fiscal year, and it not being alleged that any special provision for the payment of such indebtedness had been made at the time of the attempted creation of the debt, the petition was subject to the demurrer based upon that ground, and therefore the court did not err in sustaining the demurrer and dismissing the petition. *Gaines* v. *Dyer*, 128 *Ga.* 586 (7) (58 S. E. 175); *Town of Wadley* v. *Lancaster*, 124 *Ga.* 354 (52 S. E. 335); *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244); *McCord* v. *Jackson*, 135 *Ga.* 176 (69 S. E. 23); *Renfroe* v. *Atlanta*, supra; *Town of Whigham* v. *Gulf Refining Co.*, 20 *Ga. App.* 427 (93 S. E. 238).

3. The attempt to create a debt being null and void, an allegation to the effect that the county commissioners ratified the claim by giving subsequent orders was wholly insufficient to make the demand legal. The claim being illegal, a subsequent ratification could not make it legal. *Dorsett* v. *Garrard*, 85 *Ga.* 734 (3) (11 S. E. 768). "What a municipal corporation was without power to do its officers could not make lawful by ratification." *Town of Wadley* v. *Lancaster*, supra.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED NOVEMBER 12, 1918.

Complaint; from Marion superior court—Judge Howard. April 24, 1918.

The alleged debt was for culvert pipe used on roads.

*W. D. Crawford*, for plaintiff.          *G. P. Munro*, for defendant.