10193.   CITIZENS BANK v. TOWN OF LUDOWICI et al.

PER CURIAM.  1. The petition as originally filed showed an action in three counts against a municipal corporation and its mayor and alderman individually, to recover on a promissory note given to secure a loan to the municipality. In one.of the counts an action for money had and received was attempted, but, while it was so designated by the pleader, its recitals plainly evidence an action on a contract.

(a) The petition, failing to show that the debt evidenced by the note sued on was within the municipality's power to contract or within the saving exceptions of the constitution (Civil Code, § 6563), was subject to the general demurrer interposed. See Whigham v. Gulf Refining Co., 20 Ga. App 427 (5, 6), 428 (93 S. E. 238).

2. The defect stated above was not cured by the amendment seeking to elaborate the 3d count of the petition and to convert the action into one for money had and received (even if such procedure were permissible), and the amendment was properly disallowed. The statement therein that "the money had and received by said defendants from petitioner . . became money actually and beneficially applied' by the said defendants to the authorized objects and lawful municipal uses of the said Town of Ludowici, or for which revenue or money of the said Town of Ludowici may be lawfully used and applied by said Town of Ludowici," was a mere conclusion of the pleader, there being no facts recited to authorize it. See, in this connection, Butts County v. Jackson Banking Co., 129 Ga. 801, 810, 811 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244) ; Tate v. Elberton, 136 Ga. 301 (2) (71 S. E. 420) ; City of Dawson v. Waterworks Co., 106 Ga. 697 (6), 707, 734 (32 S. E. 907).

Judgment affirmed. Broyles, P. J., Bloodworth and Stephens, JJ., concur.
                          DECIDED SEPTEMBER 20, 1919.

Complaint; from Liberty superior court—Judge Sheppard. September 17, 1918.

Oliver & Oliver, Seabrook & Kennedy, for plaintiff.

Melville Price, Parker & Parker, for defendant.