10909.    VORIS *et al. v.* EARLY COUNTY.

STEPHENS, J.  1.  A cause of action is set out and a general demurrer is not good as against a petition where the petition alleges:  that the plaintiffs are the transferees before maturity of a county warrant drawn by the commissioners of roads and revenues of a county upon the treasurer of the county and payable to the plaintiffs' transferor; that said warrant was issued for the payment of materials actually used and needed for the public roads of the county, which was a lawful purpose; that during the year in which the warrant was issued the money was lawfully raised by the county for the road funds thereof and paid over to the treasurer of the county; and that payment of said warrant was refused after demand had been made for payment upon the treasurer of the county and upon the commissioners of roads and revenues of the county.

2. The petition is not subject to demurrer upon the ground that the contract for the purchase of the materials for which the warrant was issued was not in writing and was not entered upon the minutes of the county commissioners.  " The law will presume that in the drawing of a county warrant all the officers concerned therewith have performed their duty. . .  The contention that such is not the case is a matter for answer and not demurrer."    *Neal Loan & Banking Co.* v. *Chastain,* 121 *Ga.* 500 (6), 504 (49 S. E. 618).

3. The 5th paragraph of the petition, which alleges that the warrant was " drawn and issued for a lawful purpose, to wit:  for the payment of materials actually used and needed for the public roads of the county," is subject to special demurrer as set out in paragraph 5 of the demurrer, upon the ground that it does not disclose the nature of the materials or that they were such as could be lawfully purchased by the county or used for a lawful county purpose.

4. A county warrant does not draw interest.  It therefore follows that the prayer in the petition wherein judgment is prayed for interest upon the warrant is subject to special demurrer as set out in paragraph 7 of the demurrer.

5. Paragraph 6 of the petition is subject to special demurrer as set

out in the 6th ground of the demurrer, upon the ground that it does not appear that the demand made for payment of the warrant was made after the warrant had matured.

6. The other grounds of the demurrer are without merit.

7. Where the materials were furnished under an illegal contract which it was beyond the constitutional power of the county to make, the county is nevertheless liable for the actual value of the materials applied by the county to its benefit in the exercise of a lawful county purpose such as the maintenance of its public roads. The issuance of a county warrant in payment for such materials is a prima facie adjudication that the amount stated therein is legally due. *Neal Loan & Banking Co.* v. *Chastain*, supra; *Franklin County* v. *Crow*, 128 *Ga.* 458, 462 (57 S. E. 784). It follows, therefore, that the amendment to the defendant's plea, which alleged that the warrant was issued in payment of the contract price for materials furnished to the county under a contract which was illegal and beyond the power of the county to make, upon the ground that it was a debt in violation of the constitution of this State, because at the time of incurring the indebtedness the county had made no provision for its payment, that there was not at such time a sufficient sum of money in the treasury of the county to meet such obligation, and that such an amount could not be lawfully raised by taxes during the current year, but which alleged that the materials furnished were metal culverts and were used by the county during the year in which they were furnished, and were used by the county in the construction of the public roads of the county, was improperly allowed over the plaintiffs' objection. The construction of public roads being a lawful county purpose, the use of materials by the county suitable for such purpose was presumably applied to the benefit of the county. Allowing the payment for the materials furnished to go by default during the year in which the liability was created will not prevent the county's making provision for payment out of the funds raised during the succeeding year. Civil Code (1910), § 507. See further, in this connection, *City Council of Dawson* v. *Dawson Water Works*, 106 *Ga.* 696 (32 S. E. 907); *Ford* v. *Mayor & Aldermen of Cartersville*, 84 *Ga.* 213 (10 S. E. 732); *Wilson* v. *Gaston*, 141 *Ga.* 770 (82 S. E. 136); *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244).

8. An agreement by a road superintendent, purchasing materials for the county to be used in the repair of the public roads, that payment will be made in the following year, is illegal and does not create any debt against the county.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 27. 1920.

Complaint; from city court of Blakely — Judge Sheffield. August 25, 1919.

*L. M. Rambo, Pottle & Hofmayer,* for plaintiffs.

*A. H. Gray, Glessner & Collins,* for defendant.