13671, 13672.   NATIONAL PARK BANK OF NEW YORK *v.* CITY OF MARIETTA; and *vice versa.*

</div>

BROYLES, C. J.   1. Where a city, by executing its promissory note for a certain amount of money (not to supply a casual deficiency in its revenue), incurs a debt without any provision therefor having been made (constitution of Georgia, art. 7, sec. 10, par. 1; Civil Code of 1910, § 6567); and where, by executing such a note, the city creates a debt (not for the purpose of supplying a casual deficiency in its revenue) greater than it had constitutional authority to make without the assent of two thirds of its qualified voters (constitution, art. 7, sec. 7, par. 1), the city, when sued upon the note, is not estopped from pleading and proving such defenses, although the note recites that "it is hereby certified and recited that each and every act, condition, and thing required to be done, to have happened, and to be performed precedent to and in the issuance of this note, has been done, has happened, and has been performed in full and strict compliance with the constitution and laws of the State of Georgia, and that this note is within every debt and other limit prescribed by law, and the faith and credit of the City of Marietta are hereby irrevocably pledged to the punctual payment of the principal and interest of this note, according

to its terms," where these recitals are preceded by the statement that "this note is issued in pursuance of a resolution duly adopted by the aldermen of the City of Marietta, on November 21, 1918, and duly signed by the mayor and clerk of said city, as required by law," and where the resolution contains no allusion to any provision having been made to take care of such debt, or to any election by the qualified voters of the city, and does not authorize the officials of the city to make any such recitals. See, in this connection, Civil Code (1910), § 303; *Commercial Trust Co.* v. *Laurens County,* 267 Fed. 901 (2), 904; *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801, 805, 806 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. Rep. 244); *Penitentiary Co.* v. *Gordon,* 85 *Ga.* 159, 171 (11 S. E. 584); *Epping* v. *City of Columbus,* 117 *Ga.* 263, 281, 282 (43 S. E. 803); *Town of Wadley* v. *Lancaster,* 124 *Ga.* 354 (2, 3) (52 S. E. 335); *Southern Express Co.* v. *B. R. Electric Co.,* 126 *Ga.* 472, 476 (55 S. E. 254); *McCord* v. *City of Jackson,* 135 *Ga.* 176 (6) (69 S. E. 23); *Renfroe* v. *City of Atlanta,* 140 *Ga.* 81, 83, 84 (45 L. R. A. (N. S.) 1173; *Georgia Granite Railroad Co.* v. *Miller,* 144 *Ga.* 665 (3 *c*) (87 S. E. 897); *Citizens Bank* v. *Town of Ludowici,* 24 *Ga. App.* 201 (100 S. E. 229).

2. The foregoing ruling controls this case. The judge, sitting without the intervention of a jury, did not err in his rulings upon the admissibility of evidence, or in overruling certain portions of the plaintiff's demurrer to the defendant's answer. Under the pleadings and the evidence the court was authorized to find that the notes sued upon were not executed to supply a casual deficiency in the city's revenue, and that the amount of the notes was beyond the borrowing power of the city, without the assent of two thirds of its qualified voters given in an election, and that no such election had ever been held. The court was also authorized to find that the notes were executed without any provision having been made therefor, and that the officials of the city had no authority to make the recitals in the notes which are relied on by the plaintiff. The court did not err in holding that the city was not estopped by the recitals in the notes from setting up and proving the defenses pleaded, or in rendering judgment in favor of the city.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 25, 1922.

Complaint; from Cobb superior court — Judge Searcy presiding. April 18, 1922.

*Harry L. Greene, McDaniel & Black, Boston & Brown,* for plaintiff.

*J. Z. Foster,* for defendant.