SETTLE *et al. v.* HOWELL *et al.,* commissioners.

No. 8585.   MAY 12, 1932.

*W. E. Watkins,* for plaintiffs.

*Joel B. Mallet,* for defendants.

HILL, J. The learned trial judge refused the mandamus absolute on the ground that the issuing of the warrants against the "bridge fund" created a debt. There is no limitation on the amount of taxes which may be assessed and collected within the year for the purpose of building and repairing bridges within the counties of this State, excepting the cost of erecting the bridges. Civil Code (1910), § 513, par. 2; *Tucker* v. *Justices,* 34 *Ga.* 370 (3). And see *Commissioners* v. *Porter Mfg. Co.,* 103 *Ga.* 613 (30 S. E. 547). In *Gaines* v. *Dyer,* 128 *Ga.* 585 (58 S. E. 175), it was held that a contract between the county authorities and another person for the construction of a public bridge for which there is a present necessity, entered into after the levy of a special tax sufficient to pay for the bridge, and during the same year, does not create a debt, although it is contemplated that the contract price shall be paid in whole or in part during a succeeding year. Under the principle ruled in the foregoing authorities, the tax levy in the instant case could have been so amended as to authorize the levy and collection of a tax sufficient to pay the warrants issued by the commissioners and held by the plaintiffs, within the year in which the warrants were issued; and it was the duty of the commissioners to do so, with or without application having been made therefor; and to do so would not create a debt within the meaning of the constitutional inhibition against counties creating debts. It was error, therefore, to deny a mandamus absolute.

*Judgment reversed. All the Justices concur, except Hines, J., absent for providential cause.*