WALLACE & TIERNAN COMPANY *v.* WILLIAMS, mayor, *et al.*

No. 13639.   MAY 15, 1941.

Benjamin Zeesman and J. H. Dorsey, for plaintiff.

McDonald & McDonald, for defendants.

BELL, Justice. ■ The court did not err in sustaining the general demurrer to the first count of the petition. In this count the plaintiff sought relief solely on the basis of the promissory notes, without disclosing their consideration, and without alleging the circumstances in which they were given, except that their execution by the mayor was authorized by the governing authorities. It appeared from the allegations that the notes all related to a single transaction, and that they were payable monthly, some in the year 1936 and others in the year 1937. Since the allegations thus showed that all the notes were given in a transaction which occurred in the year 1936 and that some of them were payable in the year 1937, they were prima facie invalid under the constitutional provision limiting the authority of municipalities such as the City of Abbeville as to incurring indebtedness. Code, § 2-5501. Whether if the notes had all been made to mature during the year in which they were executed, the petition would have been subject to demurrer, or, on the other hand, would have been sufficient to cast the burden on the defendant of proving their invalidity as a matter of defense, still, since their invalidity prima facie appeared from the petition itself, the defense could be raised by demurrer. *Town of Wadley* v. *Lancaster,* 124 *Ga.* 354 (52 S. E. 335); *Town of Whigham* v. *Gulf Refining Co.,* 20 *Ga. App.* 427 (6) (93 S. E. 238); *Galion Iron Works Co.* v. *Marion County,* 23 *Ga. App.* 57 (2) (97 S. E. 448); *Citizens Bank* v. *Ludowici,* 24 *Ga. App.* 201 (100 S. E. 229). The case differs on its facts from *Monk* v. *Moultrie,* 145 *Ga.* 843 (90 S. E. 71), where it affirmatively appeared that lawful provision had been made for payment of a note during the year in which it was executed. The same is also true of the following cases: *Mayor &c. of Hogansville* v. *Planters Bank,* 147 *Ga.* 346 (94 S. E. 310); *Gaines* v. *Dyer,* 128 *Ga.* 585 (7) (58 S. E. 175); *Settle* v. *Howell,* 174 *Ga.* 792 (164 S. E. 189). Although in *Citizens Bank of Moultrie* v. *Rockdale County,* 152 *Ga.* 711 (111 S. E. 434), it appeared that the notes were payable in different years, they contained certain recitals indicating that they were valid. In *Mayor &c. of Jeffersonville* v. *Taylor Iron Works &c. Co.,* 154 *Ga.* 434 (114 S. E. 579), the petition for the writ of mandamus was based upon a *judgment* which

had previously been obtained against the city. The judgment of course was sufficient to show, prima facie at least, that the claim was valid. The allegation that the notes constituted a valid and subsisting obligation of the city, being a mere conclusion of the pleader, inconsistent with the inferences to be drawn from the specific allegations of fact, did not save the first count from the general demurrer.

■ Did the court err in granting a nonsuit relating to the second count? This count was based upon the theory that since the city accepted the chlorinator and its appurtenances, and used the same for a beneficial purpose, it should pay to the plaintiff the reasonable value of the benefit received. There was, however, no evidence of such value, unless the notes themselves might be considered as evidence on the question, those that remained unpaid having been introduced. The evidence showed "that the original agreement was to pay for the chlorinator in the future by the month, and that the several notes were executed in pursuance of this agreement." It thus appears that the property was purchased on credit, to be paid for in part during the succeeding year, and that the whole transaction was illegal. In the circumstances the plaintiff could not recover except on proof of the actual value of the benefit received by the municipality; and whether the notes, although void, might still have been taken as evidence of *market value* (*Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801, 60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244), they constituted no evidence of a benefit *thereafter* actually received by the city, nor did they show that the "claim was audited and found correct" by the municipal authorities. See *Barwick* v. *Roberts,* 188 *Ga.* 655 (3) (4 S. E. 2d, 664).

The conclusion here reached does not conflict with the rulings in any of the following cases: In *Adams* v. *Weston,* 181 *Ga.* 503 (183 S. E. 69), the suit related to a balance of salary due a town clerk. The claim had been approved for payment by governing authorities, as shown by the minutes. Such approval did not disclose an illegal transaction. *Howell* v. *Bankston,* 181 *Ga.* 59 (181 S. E. 761), was a suit by county registrars, whose compensation was fixed by law. It was held that no judgment or other form of liquidation was necessary as condition precedent to a suit for mandamus. The same observation will apply to other cases cited by counsel, relating

to official salaries prescribed by law. In *City of Abbeville* v. *Eureka Fire Hose Manufacturing Co.,* 177 *Ga.* 204 (170 S. E. 23), the action was based on warrants issued by the city authorities on the city treasury, and not on a series of notes. The warrants were issued several years after the sale, and could be treated as evidence of value. They were not part and parcel of an illegal transaction, as the notes here appeared to be. For similar reason, *Board of Education of Candler County* v. *Southern Michigan National Bank,* 184 *Ga.* 641 (192 S. E. 382), is distinguished by its facts from the present case. *Judgment affirmed. All the Justices concur.*