## 35554. STAUB *v.* CITY OF BAXLEY.

DECIDED MARCH 17, 1955.

653

*Poole, Pearce & Hall, Wilson & Wilson,* for plaintiff in error.

*J. H. Highsmith,* contra.

GARDNER, P. J.  The act of 1911 (Ga. L. 1911, pp. 700, 707), which set up a new charter for the City of Baxley, provides as follows: "In addition to such duties as may be prescribed by the council, it shall be the duty of the clerk to attend all meetings of the council, keep a careful and accurate record of its proceedings, carefully collect all revenues due said city except such as the ordinances of said city require to be collected by some other officer, and to faithfully account for the same, furnish to the mayor or council such information as may be requested by either, open his books at any time to any citizen of said city requesting to see the same, *and perform such other duties as may be required of him by the mayor* or by the city council." (Emphasis added.)  The same act provides that the mayor shall have the right and authority to hold a mayor's court for the trial of

offenses committed against the ordinances of the city. Although the provision in the original act of 1896 (Ga. L. 1896, pp. 129, 130), which was not expressly repealed by the act of 1911, to the effect that the clerk of the council shall enter all cases on a docket for offenses against the ordinances, stipulates in the clerk a duty usually performed by the clerk of court, this alone would not be sufficient to create the office of clerk of the mayor's court, but it does have the effect of expressly conferring upon Mrs. Sharp a duty to perform work which would be the work of such clerk of court. Where, in addition to this, the mayor is by express enactment clothed with judicial function, and where such clerk is by specific enactment clothed with the duty of performing such duties as may be required of her by the mayor, it is clearly within the power of the mayor, acting as judge of the mayor's court, to require the city clerk to serve in the capacity of clerk of the court over which he presides.

The testimony of the mayor that the court had no clerk, construed in the light of charter provisions, must be taken to mean that the mayor had not required of the city clerk generally to serve in the capacity of clerk of the mayor's court, although he did require of her certain functions which are normally the functions of the clerks of such courts. Further, the testimony as a whole fails to show that the mayor required such service in this instance. It does, however, show without dispute that Mrs. Sharp signed a certificate showing she had filed a pleading as clerk of such court in his presence and in a case which was before him. This fact, coupled with the fact that the mayor heard counsel for the plaintiff in certiorari inquire as to whether there was a clerk, and heard counsel for the city designate Mrs. Sharp as such clerk, for the purpose of filing a pleading in a court, and accepted such pleading so filed as having been filed in his court, conclusively established Mrs. Sharp as such clerk for the purposes of this particular case. The mayor, acting as judge of the court, knew the business of the plaintiff in certiorari at that time and place, and could not possibly have thought that counsel was speaking of some matter foreign to the business at hand. Also, as pointed out, counsel for the city knew the business of counsel for the plaintiff in certiorari, and not only designated Mrs. Sharp as "the clerk," but later had approved and filed for the plaintiff

in certiorari the very bond which he now seeks to question as having been improperly approved and filed.

As pointed out by counsel for the plaintiff in certiorari, whether the court had a clerk or not was a question of fact. He undertook to determine that question in the only possible manner in which he could do so, by inquiry before the judge, counsel for the city, and Mrs. Sharp. These facts, coupled with his acquiescence in Mrs. Sharp's actions as such clerk, made her clerk of the mayor's court in so far as this particular case is concerned.

*Griffin* v. *City of Albany*, 88 *Ga. App.* 229 (76 S. E. 2d 436), does not require a conclusion contrary to that here reached, for the reason that there, while it appears that the City Clerk of Albany, rather than the clerk of the recorder's court, approved the bond, it further appears that it was counsel who was seeking to certiorari the case who assumed that the City Clerk of Albany was the clerk of the court, whereas here counsel acting on the recommendations of the city attorney made in the presence of the Mayor, having the authority to appoint the Clerk of the City Council of the City of Baxley as clerk of the mayor's court, accepted her services as such.

Further, while it is true that all persons must take notice of the powers of public officers as defined by law (Code § 89-903; *National Park Bank of New York* v. *City of Marietta*, 29 *Ga. App.* 29, 113 S. E. 96), the legislative enactments pertinent to this case were not decisive of the question as to whether Mrs. Sharp, clerk of the city council, might not also be clerk of the mayor's court, and accordingly counsel for the plaintiff in error cannot be presumed to have known whether she was or was not such clerk.

The bond being properly approved and certified by the Clerk of the Mayor's Court of the City of Baxley, the judge of the superior court erred in finding against the traverse to the answer of the mayor and also erred in dismissing the certiorari. The case should be returned to the superior court for decision on its merits. *Bailey* v. *Ware & Harper*, 19 *Ga. App.* 255 (91 S. E. 275).

*Judgment reversed. Townsend and Carlisle, JJ., concur.*