### 36161. STAUB *v.* CITY OF BAXLEY.

GARDNER, Presiding Judge. This case came originally to the Court of Appeals on a question of whether or not a certiorari bond had been properly signed. This court ruled that the bond had been properly signed. See *Staub* v. *City of Baxley,* 91 *Ga. App.* 650 (86 S. E. 2d 712). The case came before this court again assigning error on the overruling and the denying of a writ of certiorari by the Judge of the Superior Court of Appling County wherein that court sustained the judgment of the Mayor's Court of Baxley. The Court of Appeals sustained the judgment of the Superior Court of Appling County. See *Staub* v. *City of Baxley,* 94 *Ga. App.* 18 (93 S. E. 2d 375). When the case was here previously the pleadings and the facts were set forth in detail. Hence, there is no reason to reiterate them.

To the judgment of this court sustaining the judgment of the

trial court, counsel for the plaintiff Staub carried the case to the United States Supreme Court assigning error in that it was alleged that the ordinance " 'shows on its face that it is repugnant to and violative of the 1st and 14th Amendments to the Constitution of the United States in that it places a condition precedent upon, and otherwise unlawfully restricts, the defendant's freedom of speech as well as freedom of the press and freedom of lawful assembly' by requiring, as conditions precedent to the exercise of those rights, the issuance of a 'license' which the mayor and city council are authorized by the ordinance to grant or refuse in their discretion, and the payment of a 'license fee' which is discriminatory and unreasonable in amount and constitutes a prohibitory flat tax upon the privilege of soliciting persons to join a labor union." This contention was made in each forum in the legal process of getting the case to the United States Supreme Court, but in each forum the plaintiff was not granted relief under this contention. The United States Supreme Court accepted jurisdiction and closed the opinion (355 U. S. 313) as follows: "It is undeniable that the ordinance authorized the Mayor and Council of the City of Baxley to grant 'or refuse to grant' the required permit in their uncontrolled discretion. It thus makes enjoyment of speech contingent upon the will of the Mayor and Council of the City, although that fundamental right is made free from congressional abridgment by the First Amendment and is protected by the Fourteenth from invasion by state action. For these reasons, the ordinance, on its face, imposes an unconstitutional prior restraint upon the enjoyment of First Amendment freedoms and lays 'a forbidden burden upon the exercise of liberty protected by the Constitution.' Cantwell *v.* Connecticut, supra [310 U. S. 296], at 307. Therefore, the judgment of conviction must fall. Reversed." The court then issued the following order: "On consideration whereof, it is ordered and adjudged by this court that the judgment of the said Court of Appeals in this cause be, and the same is hereby, reversed with costs. It is further ordered that the said appellant, Rose Staub, recover from the City of Baxley $350.71 for her costs herein expended and have execution therefor. It is further ordered that this cause be, and the same is hereby, remanded to the Court of Appeals of the State of Georgia for further proceedings not inconsistent with the opinion of this court. January 13, 1958."

Therefore, the United States Supreme Court having reversed the judgment of this court, the judgment rendered originally by this court is hereby vacated and the judgment of the trial court is reversed in conformance with the judgment and order of the United States Supreme Court, and further, the judgment and order of the United States Supreme Court is adopted as the judgment and order of this court and the trial court is directed to conform thereto.

*Judgment reversed.* *Townsend and Carlisle, JJ., concur.*

DECIDED FEBRUARY 24, 1958.

*Wilson & Wilson, Poole, Pearce & Hall, Fred W. Elarbee, Jr.,* for plaintiff in error.

*Highsmith & Highsmith, Gordon Knox,* contra.