## 28267. ATLANTIC MOTOR SALES, INC. et al. v. CITY OF BRUNSWICK et al.

NICHOLS, Justice. The plaintiffs, all automobile dealers in Brunswick, Georgia, filed a complaint in equity in which they sought to enjoin the collection of business licenses by the City of Brunswick and named officials thereof. The complaint alleges that the ordinance, and its enforcement, violate the equal protection and due process clauses of the United States Constitution. The trial court sustained a motion to dismiss the complaint and it is from this judgment that the appellants appeal.

The plaintiffs make two basic contentions. That the defendants are seeking to collect taxes from them under the ordinance attacked while collecting from other businesses under a prior ordinance, and that no lawful provision exists for notice and hearing.

1. The tax is not ad valorem (according to value), but based upon the number of employees as to certain businesses and on the gross receipts of other businesses. Under the rationale of *Vestel v. Edwards,* 143 Ga. 368, 372 (85 SE 187), and *McGregor v. Hogan,* 153 Ga. 473, 480 (112 SE 471), there is nothing to be heard. The ordinance fixes the amount of the tax and the computation is made by the taxpayers. Thus, whether the provisions of the charter of the City of Brunswick authorize provisions for a hearing or whether such a provision is an ultra vires act need not be decided. See also Pullman v. Knott, 235 U. S. 23 (35 SC 2, 59 LE 105).

2. Under the ordinance attacked the final payments of taxes for the prior calendar year are due and payable on March 1st of the current year. Payments required prior to such date are estimates and subject to revision with a final payment or credit to the taxpayer on such date.

The plaintiffs state in their brief: "In connection with plaintiffs' equal protection contentions, they do not insist that Ordinance No. 634 denies equal protection on its face. Plaintiffs contend, instead, that the City's method and manner of executing and enforcing the ordinance denies equal protection to plaintiffs."

The complaint was filed on February 2, 1973, prior to the March 1st deadline for the final determination of taxes due for the prior year. Pretermitting the question of whether the action was filed prematurely, the question is one of whether the plaintiffs can be

exonerated from paying a lawful tax because the officials of the City of Brunswick are not collecting such tax from others required by the ordinance to pay it.

Under decisions exemplified by *Screws v. City of Atlanta*,189 Ga. 839 (8 SE2d 16) and *Ford v. Mayor &c. of Cartersville,* 84 Ga. 213 (10 SE 732), if the officials of the City of Brunswick are refusing to enforce the provisions of a valid ordinance by selectively permitting some businesses to pay a lesser business license than required by such an ordinance, the proper procedure for the plaintiffs to follow would be to seek mandamus against such officials to require collection in accordance with the terms of such ordinance and not an injunction to prevent the collection of any taxes from them.

The trial court did not err in dismissing the plaintiffs' complaint.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1973 — DECIDED OCTOBER 26, 1973.

*Alan B. Smith,* for appellants.

*Robert A. Sapp, Ferrin Y. Mathews,* for appellees.