## WILSON *v.* GASTON, commissioner, *et al.*

1. A county may, without being said to create a debt within the meaning of the constitution, contract for materials for the necessary improvement of public roads, to be paid for out of available funds in the hands of the treasurer, or out of the proceeds of taxes that have been or may be lawfully levied during the year in which the contract is made.

(*a*) Where a contract of the character mentioned is made, and the goods are delivered, and a warrant is issued by the county commissioner for the price thereof, payable at a future date, and, without participation or consent upon the part of the vendor, the county applies the funds out of which the price of the goods was to be paid to other claims against the county, leaving the price of the goods unpaid, such diversion of the funds would not destroy the legality of the contract, but it would exist as a legal liability against the county.

(*b*) Where the county allowed the payment of the demand to go by default, and there was no other available fund in the treasury with which to pay the same, the county was authorized during the next year to levy a tax for the discharge of the liability.

(*c*) The question was not raised, under the pleadings and evidence, whether there were debts of the county to such an amount that only a part of the liability involved in the case could be paid in one year.

2. Where county authorities lawfully engaged in the working of public roads find it necessary to purchase machinery, such as traction engines, for use in working the roads, it is competent to order such machinery on trial, agreeing to purchase it if it should prove satisfactory, and to return it if unsatisfactory; and where such a contract is made, and the engine after trial is found satisfactory and accepted in January of a given year, to be paid for by a levy of taxes during that year, the contract is not rendered invalid as creating a debt within the contemplation of the constitution, merely because the agreement to purchase the engine on trial was made in December of the preceding year and the trial continued up to the time of the acceptance above mentioned.

3. There was no error in refusing an interlocutory injunction.

June 10, 1914.

Petition for injunction. Before Judge Daniel. Butts superior court. June 23, 1913.

*C. L. Redman* and *O. M. Duke,* for plaintiff.

*W. E. Watkins,* for defendant.

ATKINSON, J. 1. The exception is to a judgment refusing an interlocutory injunction against the commissioner and the county treasurer of Butts County, to prevent payment for certain materials furnished to the county under contracts which the commissioner had made in behalf of the county. The complaint was that the contracts were illegal, being mere attempts to create debts against the county without authority of law. One item of alleged illegal indebtedness was a stated amount to be paid to the Gallion Iron Works Company for certain piping purchased by the county, to be used in constructing culverts in the public roads. The piping was bought and delivered in the spring of 1912, to be used that year in constructing culverts in the public roads, and was actually used by the county. The price was payable in December of the same year. A tax was duly levied and collected in 1912, to pay for the materials. The judge was authorized to find this to be the truth of the case. From these facts it appears, among other things, that provision was made for payment for the piping by the levy and collection of a tax during the year in which the purchase was made. Under such circumstances it could not be held that the county, in making the purchase, had created a debt within the meaning of the constitution, and the contract should not be held to be illegal on that ground. *Gaines* v. *Dyer,* 128 *Ga.* 586 (7), 595 (58 S. E. 175). At the time the piping was delivered a warrant for the agreed price thereof was issued by the commissioner on the treasurer, payable in December of that year. When the warrant fell due, all moneys in the treasury provided for its payment had been applied to other purposes, on account of unusual expenses which the treasurer had paid indiscriminately, without any participation or consent upon the part of the Gallion Iron Works Company; and the warrant was not paid. It was not contended that the commissioner was unauthorized to buy piping for constructing culverts in the public roads, but only that he was unauthorized to create a debt therefor within the meaning of the constitution. The validity of the contract was not destroyed by reason of the diversion of the funds provided for its payment, under the circumstances above enumerated; but, notwithstanding such diversion, the obligation of the county to pay continued to exist. *McCord* v. *City of Jackson,*

135 *Ga.* 176 (5), 177 (69 S. E. 23). After default in payment of the warrant the county was in the condition of having a valid, overdue obligation, and without funds to meet it. What was the duty of the county under these circumstances? The law provides that a tax may be levied to pay the legal indebtedness of a county due, or to become due during the year, or past due. Civil Code, § 513 (1). "When debts have accumulated against the county, so that one hundred per cent. on the State tax, or the annual amount specially allowed by local law, can not pay the current expenses of the county and the debt in one year, they shall be paid off as rapidly as possible, at least twenty-five per cent. every year." Civil Code, § 507. The contention of the plaintiff, as presented by the pleadings and evidence, was that the debt could not be paid at all out of the taxes raised in 1913. It was neither contended nor made to appear that the debts against the county were so large that this liability could not be paid in 1913. Under the foregoing circumstances it appears that there was a legal liability against the county, no funds with which to meet it, but power in the commissioner to provide for its payment by levy of a tax in 1913. The county authorities should levy a sufficient tax and pay the debt. In this connection see *Sheffield* v. *Chancy,* 138 *Ga.* 677 (75 S. E. 1112).

It appeared that in 1913 the commissioner issued other warrants in lieu of the first, which was issued in 1912. Whether this was proper, or whether any of the warrants complied with the provisions of the Civil Code, § 410, is not for decision, as no such question was presented by the pleadings and evidence.

2. Other items were for the purchase-price of a certain traction engine and road-scrapes for use on the public roads. The judge was authorized to find that the scrapes were bought in January, 1913, to be paid for by levying taxes for that year. The engine appeared to have been ordered in December, 1912, under a parol agreement that it should be received on trial, and if it proved satisfactory the county would retain it and pay the purchase-price, and if not satisfactory would return it to the vendor. The engine was delivered on trial as above indicated, and on the 6th day of December the clerk of the commissioner, who was unadvised that the engine was received merely on trial, prepared a county warrant for the price thereof, which was issued by the commissioner through a mistake; but upon discovering the error he corrected it, and in

January, 1913, having tried the engine and become satisfied that it would perform the services as represented by the seller, he issued another warrant for the price of the same. Under these circumstances the judge was authorized to treat this contract as one made in 1913, at a time when a tax could lawfully be levied during the same year for payment of the purchase-price; and that the transaction did not involve the creation of a debt by the county, within the meaning of the constitution.

3. From what has been said in the preceding divisions of the opinion there was no error in refusing the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*