## MAYOR &c. OF HOGANSVILLE v. PLANTERS BANK.

Where the mayor and council of a town procured lights from an electric-light plant, for the purpose of lighting its streets, at a given price per month, and at the end of the year there was a balance due to the lighting plant for furnishing such lights, and where during the same year taxes were lawfully levied against the citizens of the town for the purpose of paying the light bill, but were not collected and paid into the treasury by the end of the year in which the contract was made and the lights furnished, and the mayor and council gave a demand note for the amount thus due on February 1st of the year following, before the taxes were collected, the giving of such note as evidence of the amount due is not in violation of art. 7, sec. 7, par. 1, of the constitution, which provides that no municipality shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not exceeding one fifth of one per centum of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof at an election held for that purpose according to law.

No. 98. NOVEMBER 15, 1917.

Complaint. Before Judge Harwell. City court of LaGrange. December 21, 1916.

*Hall & Jones,* for plaintiff in error.

*Smith, Hammond & Smith* and *Hatton Lovejoy,* contra.

HILL, J. During the year 1914 the Mayor and Council of Hogansville procured from the Hogansville Light Plant lights which were used for lighting the streets of the town, at an agreed price of $150 per month. At the end of the year there remained unpaid, for the lights thus furnished, the sum of $1400. Taxes were levied by the municipal corporation in the year 1914, to pay the Hogansville Light Plant for the lights contracted for, together with other current expenses. The taxes not having been paid into the treasury of the corporation, on February 1, 1915, a demand note was executed by the corporation as evidence of the amount due for the lights thus furnished. This note was transferred by the Hogans-

ville Light Plant to the Planters Bank, which brought suit on the note. The corporation demurred to the petition, which set out substantially the above-stated facts, on the ground that the note created a debt in violation of art. 7, sec. 7, par. 1, of the constitution (Civil Code, § 6563). The demurrer was overruled, and the corporation excepted.

We do not think that under these facts the giving of the demand note by the Mayor and Council of Hogansville was the creation of a debt inhibited by the constitution of the State. When the town through its constituted authorities lawfully contracted for the lights, paid a portion of the contract price therefor, and gave its demand note for the remainder due, with the right and reasonable expectation of collecting, by execution or otherwise, the taxes assessed for this purpose against the citizens of the town, with which it expected to pay off the note, the execution of such note can not be said to create a debt against the city and* to be in violation of the constitutional inhibition which declares that "The debt hereafter incurred by any county, municipal corporation, or political division of this State, except as in this constitution provided for, shall not exceed seven per centum of the assessed value of all the taxable property therein, and no such county, municipality, or division shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof at an election for that purpose, to be held as may be prescribed by law." *Wilson* v. *Gaston,* 141 *Ga.* 770 (82 S. E. 136); *Monk* v. *Moultrie,* 145 *Ga.* 843 (90 S. E. 71). It is not insisted that the mayor and council had no authority to contract for the furnishing of lights for the city, or that the price for furnishing them was unreasonably high. It is only contended that the execution of the note was invalid as being obnoxious to the provision of the constitution above quoted. But under the circumstances of this case it can not be held that the municipality, in giving the note as evidence of the amount due for the contract price of the lights, created a debt within the meaning of the constitution. Consequently the court did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*