## PHINIZY *v.* PHINIZY.

PER CURIAM.   Jacob Phinizy brought a libel for divorce against his wife, Mary Vason Phinizy, upon the ground of willful and continued desertion for the term of more than three years.   He alleged further that he and the defendant entered into a written contract on July 22, 1915, by which plaintiff was to pay defendant a certain monthly allowance which was accepted by defendant in lieu of alimony, both temporary and permanent, which payments have been duly made from the date of the agreement, which binds the plaintiff to pay the sums set forth in the agreement during the lifetime of the defendant.   The agreement was entered into in lieu of temporary and permanent alimony, and for that reason plaintiff does not set forth a schedule of his property for the purpose of determining the amount of temporary and permanent alimony that might be due from plaintiff to defendant.   The prayer is for process, and for a total divorce between the plaintiff and defendant.   The defendant filed a demurrer to the petition, upon two grounds, as follows:   (1)   "Defendant demurs to paragraph 6 of the petition, on the ground that it does not set out the written contract therein referred to, dated July 22, 1915, and recorded in the clerk's office of the superior court of Richmond County, in Book 8 H, folio 85; and moves to strike said paragraph, and dismiss the petition, unless plaintiff attaches to his petition a complete copy of said contract."   (2)   "Defendant further demurs to said petition, and moves to dismiss the same, on the following ground:   After the filing of said suit for divorce on Nov. 20, 1920, the defendant instituted an ancillary proceeding by way of petition for allowance for attorney's fees, and the plaintiff in said divorce case filed his answer thereto; and in said answer made further reference to said written contract of July 22, 1915; and upon the hearing of said issue, wherein the court allowed attorney's fees, said contract of July 22, 1915, was introduced in evidence, and was embodied in the bill of exceptions now of file in this court; and the entire record in said ancillary proceedings is now a part of the record in the main case, and consequently said written contract is now before the court as a part of the record, subject to demurrer.   And this defendant says that it appears on the face of the record, as set out in said contract, that that there was no desertion on the part of this defendant, as alleged by plaintiff; but on the contrary, that it was recited therein that the plaintiff and defendant had for some time past been living separate and apart, and have already agreed that they shall continue to live separate and apart; and said contract establishes and per-

petuates the relation of husband and wife living in a state of sep-aration by mutual consent, and necessarily negatives the existence of any state of facts that could constitute legal desertion by the defendant." The court overruled the demurrer, and the defendant excepted. *Held:*

1. The Civil Code (1910), § 5441, declares that "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon," etc. The alleged contract relied on to avoid the necessity of attaching a schedule of the plaintiff's property to the petition for divorce was not the foundation of the action, and therefore the provision of the statute referred to does not apply.

(a) If the demurrer had distinctly raised the point that the sixth paragraph did not sufficiently set forth the substance of the contract referred to, it would have presented a different question; but this was not the ground of the demurrer.

2. Defendant can not, by a demurrer which is "speaking," require the plaintiff to set out a contract in order for the contract to be a basis for a demurrer. Such a demurrer should be overruled. *Beckner* v. *Beckner,* 104 *Ga.* 219 (30 S. E. 622); *Clark* v. *East Atlanta Land Co.,* 113 *Ga.* 21 (38 S. E. 323); *Oliver* v. *Powell,* 114 *Ga.* 592 (40 S. E. 826); *Reid* v. *Caldwell,* 120 *Ga.* 718 (5) (48 S. E. 191); *Haber* v. *So. Bell Tel. Co.,* 118 *Ga.* 874. (45 S. E. 696); *Teasley* v. *Bradley,* 110 *Ga.* 497 (7), 507 (35 S. E. 782, 78 Am. St. R. 113); *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (2), 382 (75 S. E. 418); Compare *Lynah* v. *Citizens & Southern Bank,* 136 *Ga.* 344 (2) (71 S. E. 469).

(a) The fact that in an ancillary proceeding to the divorce, to recover attorney's fees by the defendant, she incorporated the contract therein, and that the defendant in the present bill of exceptions specified the contract which was sent up with the record, can not avail the defendant as being a part of the present petition, so as to form the basis of a demurrer.

> *Judgment affirmed. All the Justices concur.*

No. 2606. FEBRUARY 17, 1922.

Divorce. Before Judge Hammond. Richmond superior court. April 27, 1921.

*William H. Fleming,* for plaintiff in error.

*C. H. & R. S. Cohen* and *Callaway & Howard,* contra.