## CITIZENS BANK OF MOULTRIE v. ROCKDALE COUNTY.

1. A demurrer which is "speaking" should be overruled.
2. Under art. 7, sec. 7, par. 1, of the constitution of this State (Civil Code of 1910, § 6563), no county can incur any new debt without the assent of two thirds of the qualified voters thereof, "except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein."
3. Where a board of county commissioners adopted a resolution on December 3, 1918, reciting that "there is a casual and temporary deficiency in the public funds in the treasury of the county,' . . and there is a casual and temporary need of money to meet the current expenses of the county government," and an order was passed empowering the commissioners to negotiate a temporary loan for a named sum for such purpose; and where pursuant 'to such authority the commissioners did borrow the sum of $5000 and executed a promissory note therefor, due April 1, 1919, reciting that "each and every act, condition, and thing required to be done, to have happened, and to be performed precedent to and in the issuance of this note has been done, has happened, and has been performed in full and strict compliance with the constitution and laws of the State of Georgia, and that this note is within every debt and other limit prescribed by law, and the faith and credit of the county . . are hereby irrevocably pledged to the punctual payment of the principal and interest of this note, according to its terms," such note upon its face is not in violation of the provision of the constitution as quoted in headnote 2 so as to make it unenforceable.
4. Where suit was brought on such note by one who had purchased it for value, before due, and without notice of any defense, alleging that the petition was filed within twelve months from the time it became due, and that the consideration of the note was for money borrowed by the county to meet a casual deficiency in the revenue of the county for the purpose of paying the current expenses of the county, such petition, to which was attached a copy of the order of the commissioners and of the note sued on, was not demurrable on the ground that the plaintiff as the purchaser of the note had taken it with notice that the note was given in violation of the provisions of the constitution above recited.
5. Nor was the petition demurrable on the ground that the first count, which sought to recover of the county the amount in controversy for "money had and received" by the defendant, did not state a cause of action, for the reason that the count showed that it was based on a note alleged to have been purchased for value.
6. Nor was the petition demurrable on the ground that it was not alleged for what purposes the money was received by the treasurer of the county, and how it was expended, or for what legal purposes the money was paid out; and that the allegations of the petition that the sums received were paid out by the treasurer on the warrant

of the commissioners of the county, for current expenses, is a mere conclusion of the pleader and not warranted by the facts alleged.

7. Under the Civil Code (1910), § 303, the powers of all public officers are defined by law, and all persons must take notice thereof. The public can not be estopped by the acts of any officer done in the exercise of a power not conferred.

8. But the public will be estopped by the acts of any public officer done in the exercise of a power which is expressly conferred by law.

No. 2379. FEBRUARY 18, 1922. REHEARING DENIED MARCH 1, 1922.

Complaint. Before Judge Hutcheson. Rockdale superior court. October 4, 1920.

The Citizens Bank of Moultrie brought suit against the County of Rockdale, to recover the sum of $5000. The petition was in two counts, and alleged in substance the following: (1) That the defendant was indebted to plaintiff in the sum of $5000, together with interest thereon from April 1, 1919, at the rate of 7 per cent. per annum, for money had and received to the use and benefit of the defendant; that the indebtedness was for money advanced by the plaintiff to the defendant and received by it and used for the benefit of Rockdale County and in discharge of current liabilities of the county and for other lawful county purposes; that the defendant refused to pay the sum sued for or any part thereof; and that plaintiff brought the suit within twelve months from the date it became due and payable. (2) That the defendant was indebted to the plaintiff in the principal sum of $5000, together with interest thereon from April 1, 1919, at the rate of 7 per cent. per annum, and the further sum of ten per cent. of the principal sum and interest as attorney's fees, due upon a certain promissory note, a copy of which was attached to the petition, and which note plaintiff received in due course of business, before maturity, for a valuable consideration from the Frank Scarboro Company. The note was dated Conyers, Georgia, December 3, 1918, and was signed by the County of Rockdale, Georgia, by the five county commissioners. It recited: "On April 1, 1919, the County of Rockdale, Georgia, for value received, promises to pay to Frank Scarboro Co., or order, at National Bank of Commerce, in New York, New York, the sum of $5000 [both printed and figures], with interest after maturity, together with all costs of collection, including ten per cent. attorney's fees. This note is issued in pursuance of a resolution duly adopted by the commissioners of the County of Rockdale, on December 3, 1918, and duly

signed by the commissioners of said county as required by law. It is hereby certified and recited that each and every act, condition, and thing required to be done, to have happened, and to be performed precedent to and in the issuance of this note has been done, has happened, and has been performed in full and strict compliance with the constitution and laws of the State of Georgia, and that this note is within every debt and every limit prescribed by law, and the faith and credit of the County of Rockdale are hereby irrevocably pledged to the punctual payment of the principal and interest of this note, according to its terms." The note was formally executed.

After a demurrer to the petition had been filed, the plaintiff amended the second count of the petition, and alleged that the note which is set out above was executed by the County of Rockdale by and through its county commissioners, naming them, for the purpose of obtaining a temporary loan to supply casual deficiencies of revenue existing at the time of the execution of the written instrument, and that the note was executed pursuant to a resolution duly passed by the county commissioners for the purpose aforesaid. A certified copy of the resolution was attached to the note, as follows (omitting the formal parts) : " Whereas there is a casual and temporary deficiency in the public funds in the treasury of the County of Rockdale, and whereas there is a casual and temporary need of money to meet the current expenses of the county government, therefore be it resolved: First, that to cover said casual and temporary deficiency, in order to meet the current expenses of the county government, we hereby authorize and empower the commissioners of the County of Rockdale to negotiate a temporary loan for the sum of $15,000 for the County of Rockdale, upon the best rate of interest possible; said loan to be made with any bank, bankers, trust company, or individual; and we hereby empower said commissioners to execute and deliver notes in the name of the County of Rockdale for said loan of money. Said notes to be payable first day of April, 1919. Second, that this resolution be spread upon the minutes of the board. Passed in the regular session held the 3rd day of December, 1918." This resolution was certified to by the clerk. Also attached to the note was a certificate of the attorneys for Rockdale County, as follows: " To whom it may concern: Referring to the attached note given by the

County of Rockdale and executed by the Board of Commissioners, dated December 3, 1918, for $5000, payable April 1, 1919, I wish to advise that in my opinion said note is valid and binding obligation of the said County of Rockdale, Georgia.   A. C. & J. H. McCalla, Attorneys for Rockdale County, Georgia."   The plaintiff alleged, that, relying upon the resolution of the commissioners and the certificate of the attorneys, it purchased the note from the Frank Scarboro Company for full value, less the usual discount in such cases, before maturity of the note, and without notice of equities existing between the original parties; that under art. 7, sec. 7, par. 1, of the constitution of this State, the defendant, Rockdale County, had the authority to borrow money for the purpose of supplying casual deficiencies in the treasury of the county; that the debt of $5000, which is evidenced by the note sued upon in this case, is within the power of the county to contract for the purpose of supplying a casual deficiency in the treasury of the county; and that the plaintiff purchased the note on the faith of the statements contained in the note and on the faith of the resolution of the county commissioners attached thereto, and the certificate of the county attorneys that the indebtedness was a valid and binding obligation of the county, and was to supply a casual deficiency in the treasury of the county.

The defendant renewed its demurrer to the petition as amended, upon the grounds that neither of the counts of the petition sets forth a cause of action against the defendant, and that the petition is "multiplicitous and contradictory" and sets out two separate and inconsistent causes of action.   It demurred generally to the first count, on the ground that on its face it shows that it is based on a purported note alleged to have been purchased for value, and not on money had and received by the defendant.   The second count was demurred to on the ground that it was based upon a note which the defendant had no authority to execute or deliver, and which was therefore void and uninforceable.   The second count was specially demurred to as amended, on the ground that the allegation that the plaintiff purchased the note on the strength of certain resolutions and recitals made by certain officials of Rockdale County is insufficient, inasmuch as their authority to act for and in behalf of Rockdale County is limited by law under which they were appointed, and they can not by any recital or resolution

bind or estop the county; also on the ground that the petition does not set up or show the nature of the casual deficiency in revenue alleged to have existed at the time of the execution of the note, nor does it set up any facts from which the court can determine whether or not such a casual deficiency in revenue actually existed. The first count was demurred to specially on the grounds, that it is not alleged for what purposes the money received by the treasurer of Rockdale County was expended, or for what legal and legitimate purposes; and that the allegations that the sums received were paid out by the treasurer on the warrant of commissioners of the county for current expenses is a mere conclusion of the pleader, not warranted by any facts alleged. Both counts were demurred to upon the ground that the money borrowed by the county and evidenced by the note sued on was borrowed for the purpose of defraying and paying current expenses of the county in anticipation of the collection of taxes, and not for the purpose of supplying a casual deficiency in revenue. The demurrers were sustained by the court upon each and all of the grounds thereof, and the case was dismissed. To this judgment the plaintiff excepted.

*Askew & Mather* and *Dowling & Whelchel,* for plaintiff.

*J. H. McCalla, C. Baxter Jones,* and *Jones, Park & Johnston,* for defendant.

HILL, J. (After stating the foregoing facts.)

1. We are of the opinion that the court erred in sustaining the demurrer to the petition, the substance of which is set out in the foregoing statement of facts. Art. 7, sec. 7, par. 1, of the constitution of the State (Civil Code (1910), § 6563) provides that " The debt hereafter incurred by any county, municipal corporation, or political subdivision of this State, except in this constitution provided for, shall not exceed seven per centum of the assessed value of the taxable property therein, and no such county, municipality, or division shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof at an election for that purpose, to be held as may be prescribed by law," etc. The petition was in two counts. The first declared an obligation due on the part of the county for money had and received by it; the second was based upon a note

executed by the county through its county commissioners, upon the authority of an order previously passed by the county commissioners, wherein it was recited that a casual and temporary deficiency existed in the treasury of the County of Rockdale, and that there was a casual and temporary need of money to meet the current expenses of the county government, and in order to cover that casual and temporary deficiency and to meet the current expenses of the county government the county commissioners were authorized to negotiate a temporary loan for that purpose. That order was dated December 3, 1918, and the note executed by the commissioners on the same date for the sum of $5000 was payable on April 1, 1919. The petition was demurred to on a number of grounds, as will be seen from the foregoing statement of facts. One of the special grounds of demurrer thus set up was to the effect that the petition does not show the nature of the casual deficiency in revenue alleged to have existed at the time of the execution of the note, and that it does not set up any fact from which the court could determine whether or not such a casual deficiency in revenue actually existed.. We are of the opinion that this ground of the demurrer is without merit. Whatever ground for defense this may afford the defendant on the trial of the merits of the case, we are of the opinion that the defendant can not, by a demurrer which in its nature is "speaking," require the plaintiff to set out a state of facts merely for the purpose of furnishing the basis of a further demurrer. See, in this connection, *Phinizy* v. *Phinizy,* 152 *Ga.* 694 (111 S. E. 433). For like reasons we think that the special demurrer on the ground that the petition does not allege for what purpose the money received by the treasurer of Rockdale County was expended, or for what legal and legitimate purposes the sums were paid out by the treasurer on the warrant of the commissioners of the county for current expenses, is without merit. Primarily it is for the county commissioners (or the proper county authorities, where there are no commissioners) to decide when a casual deficiency in revenue exists; and where it is affirmatively alleged that the county commissioners have declared by resolution that such casual deficiency does exist, we are of the opinion that this is sufficient as against a "speaking" demurrer which insists that the petition does not sufficiently allege that the deficiency does so exist; and where it

is alleged that such casual deficiency existed and money was borrowed by the county in order to meet that deficiency, it is matter of defense on the trial of the issue made in such case, rather than to require the plaintiff to set out in his petition how such deficiency occurred and how the money borrowed by reason thereof was expended.

2. Both counts of the petition were demurred to upon the ground that the money borrowed by the County of Rockdale, as evidenced by the note sued on, was borrowed for the purpose of defraying and paying current expenses of the county in anticipation of the collection of taxes, and not for the purpose of supplying a casual deficiency in revenue. This ground of the demurrer is also "speaking" in character, and was properly overruled for that reason, if for no other. See cases cited in *Phinizy* v. *Phinizy,* supra. The petition does distinctly allege that the money was borrowed by the county "for the purpose of supplying a casual deficiency in the treasury of said county, and petitioner purchased said note on the faith of the statements contained in said note, on the faith of the resolution of said commissioners attached thereto, and on the certificate of the county attorneys that said indebtedness was a valid and binding obligation of said county and was to supply a casual deficiency in the treasury of said county." On demurrer these allegations are to be taken as true, and when so taken they fall within the exception to the provisions of the constitution set out in the Civil Code (1910), § 6563, forbidding the creation of a debt without a vote of the people of the county.

3. We can not say as matter of law from the pleadings in this case, which have been fully set out in the foregoing statement of facts, that the contract sued on created "a new debt," and is therefore unconstitutional as being in violation of art. 7, sec. 7, par. 1, of the constitution of 1877. That provision of the constitution expressly provides for a temporary loan or loans to supply casual deficiencies of revenue, and it is alleged here that this debt was created for that purpose; and we can not say as matter of law on demurrer that that is not true. It is not objectionable on the ground alone that the note was executed on December 3, 1918, and was payable on April 1, 1919. *Mayor &c. of Hogansville* v. *Planters Bank,* 147 *Ga.* 346 (94 S. E. 310). It is true generally that a county can not borrow money and "create

a debt" within the meaning of the constitution above cited, without the sanction of two thirds of the qualified voters of the county at an election held for that purpose; but the exception is that the county may, within the limitations provided in that provision of the constitution, secure a temporary loan to supply casual deficiences of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property within such political division of the State, without creating "a debt" such as is contemplated by the constitution. Mr. Justice Cobb, in a very able opinion rendered in the case of *City of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696, at page 717 (32 S. E. 907), defines a casual deficiency as follows: "And if, during the period in which the expense was incurred and the tax was levied, by some oversight the levy was not of sufficient amount to pay the expenses, the deficiency, casual in its nature, which was contemplated by the constitution, arose and could be supplied by a temporary loan." The question arises, therefore, in the present case, whether a casual deficiency existed in the revenue of Rockdale County, under the allegations of the petition. It is alleged that such deficiency did exist; and the county commissioners of that county, who had the raising of revenue for the county in charge, asserted in the resolution they adopted, and in the note they executed in pursuance of the authority granted in the resolution, that such casual deficiency did exist; and when such facts appear in the petition almost in the language of the constitution itself, we are forced to the conclusion that the present case falls within the exception stated in art. 7, sec. 7, par. 1, of the constitution. But it is argued that the recital in the resolution of the county commissioners, and in the note executed in pursuance thereof, that the note was executed for the purpose of supplying a casual deficiency in the revenue of the county, "*in order to meet the current expenses of the county*," was notice to the purchaser of the note that the money was not procured to cover *a casual deficiency,* but to pay *the current expenses of the county,* which is obnoxious to the constitution. We are of the opinion that so far as the petition and demurrer are concerned, if a casual deficiency did in fact exist, and for that reason there was no money in the treasury with which to pay current expenses, the county could make a temporary loan to supply such casual deficiency, even if the money thus obtained was used to pay cur-

rent expenses. Making such a temporary loan would not create a debt within the meaning of the constitution above quoted, provided " a sufficient sum to discharge the liability can be raised by taxation during the current year." *Butls County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244). In the case of *Bird* v. *Franklin,* 151 *Ga.* 4 (105 S. E. 834), it was held, quoting from the decision in *Manly Building Co.* v. *Newton,* 114 *Ga.* 245 (40 S. E. 274) : " County authorities may, without being said to create a debt within the meaning of the constitution, contract for the building of a courthouse to be paid for out of available funds in the treasury, or with the proceeds of taxes that have been or may lawfully be levied during the year in which the contract is made." And in *City of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696 (supra), Mr. Justice Cobb, delivering the opinion of the court in that wellconsidered case, said, while considering the same provision of the constitution now under construction : " The power to make a temporary loan for a casual deficiency, *being expressly conferred* [italics ours], but emphasizes the fact that the constitutional plan was that there should be a balancing of accounts at stated periods of time, at the end of the calendar year or the fiscal year of the corporation, when the amounts raised by taxation on the one hand should be applied to the sums incurred as expenses on the other; and if, during the period in which the expense was incurred and the tax was levied, by some oversight the levy was not of sufficient amount to pay the expenses, the deficiency, casual in its nature, which was contemplated by the constitution, arose and could be supplied by a temporary loan. The period marked by the calendar year, or an arbitrary fiscal year, was evidently in contemplation by the framers of the constitution, as that is in accord with the custom so long existing in this State. . . So far as we are concerned, we are satisfied with the policy of the constitution, which, as we believe, demands annual adjustments of municipal expenses and municipal taxes, with the requirement that the expenses each year shall be discharged by the taxes of that year, save only in the two cases provided for in the constitution — consent of the inhabitants of the municipality, and a casual deficiency in the revenue." And see *Monk* v. *City of Moultrie,* 145 *Ga.* 843, 845 (90 S. E. 71) ; *Wilson* v. *Gaston,* 141 *Ga.* 770 (82 S. E. 136) ; *Wright* v. *So. Ry. Co.,*

146 *Ga.* 581 (91 S. E. 681) ; *Mayor &c. of Hogansville* v. *Planters Bank,* 147 *Ga.* 346 (supra). In the case of *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (supra), in another well-considered opinion delivered by Mr. Presiding Justice Evans, it was held: " The general fiscal policy outlined in the constitution of 1877 for political subdivisions, such as counties and municipalities, was to provide a system of finance for subordinate public corporations, under which there could be made each year contracts for the expenses of the year, and these were to be paid out of moneys arising from taxes levied during the year. *A liability for a legitimate current expense may be incurred* [italics ours], provided there is, at the time of incurring the liability, a sufficient sum in the treasury of the county or municipality which may be lawfully used to pay the liability incurred, or if a sufficient sum to discharge the liability can be raised by taxation during the current year."

4. It is true that the powers of all public officers are defined by law, and all persons must take notice thereof; and the public can not be estopped by the acts of any officer done in the exercise of a power *not conferred.* Civil Code (1910), § 303; *Dent* v. *Cook,* 45 *Ga.* 323. But the converse of this proposition is equally true, that the public can be, and will be, estopped by the acts of any public officer done in the exercise of a power which is expressly conferred by law. The power to borrow money *to supply a casual deficiency* is expressly conferred by the constitution of the State of Georgia. Art. 7, sec. 7, par. 1 (Civil Code, 1910, § 6563) ; *Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696, 734 (supra). *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (supra). Where authority to borrow money is conferred upon certain political divisions of the State by the constitution, and in pursuance of that authority the proper authorities of one of those political divisions (in this case the county commissioners of a certain county) borrowed money and gave a promissory note in which are recitals of facts showing the authority of such officers to borrow the money for a certain legal purpose, such recitals will estop the county, in a suit by a purchaser of the note bona fide, for value, before due, and without notice, from having the suit dismissed on demurrer on the ground that such note created a debt prohibited by the constitution of the State. *Town of Climax* v.

*Burnside,* 150 *Ga.* 556 (104 S. E. 435); *Black* v. *Cohen,* 52 *Ga.* 621; County of Mercer v. Hacket, 68 U. S. 83 (17 L. ed. 548); Coloma v. Eaves, 92 U. S. 488 (23 L. ed. 581); Marcy v. Oswego, 92 U. S. 637 (23 L. ed. 748); Stanly County v. Coler, 190 U. S. 437 (23 Sup. Ct. 811, 47 L. ed. 1126); Gunnison Co. Comm'rs v. Rollins, 173 U. S. 255 (19 Sup. Ct. 390, 43 L. ed. 689); Waite *v.* Santa Cruz, 184 U. S. 302 (22 Sup. Ct. 327, 46 L. ed. 552).

Considering the petition in this case in connection with the order of the county commissioners and the note sued on, and under the foregoing authorities, we conclude that the petition as amended set out a cause of action, and therefore that the court erred in sustaining the demurrer and in dismissing the petition.

*Judgment reversed. All the Justices concur.*