## FARMERS' LOAN & TRUST CO. OF NEW YORK v. WILCOX COUNTY, GA.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1923.)

No. 4007.

1. Counties ⊙⟹222—Petition in action on note of county defective, as showing debt in excess of constitutional limitation; "casual deficiencies of revenue."

Under Const. Ga. art. 7, § 7, limiting the debt to be incurred by any county to 7 per cent. of the assessed value of taxable property therein, and prohibiting the county, without assent of two-thirds of the qualified voters, to incur any new debt, except for a temporary loan or loans to supply "casual deficiencies of revenue," means any unforeseen or unex-

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pected deficiencies of revenue, brought about after the levy for a year by casual and unexpected causes, and a petition alleging the execution and delivery of a note by the defendant county, which not only did not allege the holding of any election, or that a casual deficiency of revenue existed, but, on the contrary, disclosed that neither of those conditions were present, was fatally defective on demurrer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Casual Deficiency.]

**2. Estoppel ☞62(3)—County not estopped to dispute note in excess of constitutional limitation.**

Where the recitals of a note executed by county commissioners as a county obligation, and their resolution attached to the note, disclosed the purposes of the instrument to be the defraying of county expenses in anticipation of the collection of taxes, and the resolution did not purport to show the borrowing to be authorized by an election, or by the existence of a casual deficiency of revenue, the taker of the note was chargeable with notice that the creation of the debt was in violation of the constitutional limitation under Const. Ga. art. 7, § 7, and the county was not estopped to deny the validity of the note as its binding obligation.

**3. Counties ☞47—Principal and agent ☞131—Where authority of agent is disclosed, principal not bound by acts beyond scope of authority.**

Where the authority of an agent is disclosed, his principal is not bound by what the agent says or does beyond the scope of the authority conferred, and this rule is equally applicable to transactions in excess of authority by county commissioners in behalf of the county.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Action at law by the Farmers' Loan & Trust Company of New York against Wilcox County, Ga., on a promissory note. Judgment for defendant on demurrer (284 Fed. 856), and plaintiff brings error. Affirmed.

John R. L. Smith, of Macon, Ga. (Jno. R. L. Smith and Grady C. Harris, both of Macon, Ga., on the brief), for plaintiff in error.

Eldridge Cutts, of Fitzgerald, Ga. (Harry A. Hodges, of Rochelle, Ga., and Eldridge Cutts, of Fitzgerald, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error on the following instrument:

"Six months after date, for value received, Wilcox county, Georgia, promises to pay to W. H. Patterson, or bearer, at the Hanover National Bank, in the city of New York, N. Y., the sum of twenty thousand ($20,000) dollars, with interest thereon after maturity at the rate of eight per cent. per annum. This note is issued in pursuance of a resolution duly adopted by the commissioners of roads and revenues of Wilcox county, Ga., at a meeting held on the 29th day of August, 1917, and duly signed by the chairman thereof as required by law. It is hereby certified and recited that each and every act, condition, and thing required to be done, to have happened and to be performed precedent to and in the issuance of this note, has been done, has happened, and has been performed in full and strict compliance with the Constitution and laws of the state of Georgia, and that this note is within every debt and other limit prescribed by law, and the faith, credit and resources of Wilcox county, Ga., are hereby irrevocably pledged to the punctual payment of this

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

note, and any interest that may accrue hereon after maturity according to its terms. If this note is not paid at maturity and is collected by an attorney, through legal procedure or otherwise, the holder hereof shall be entitled to 10 per cent. attorney's fees of the principal and interest thereof by giving notice and proceeding as provided by law.

"In witness whereof, Wilcox county, Ga., has caused its corporate name to be signed hereto by the chairman of its commissioners of roads and revenues, and its corporate seal to be hereto affixed and attested by its treasurer this the 2d day of September, 1917.

"Commissioners of Roads and Revenues, Wilcox County, Ga.,
"[Seal.]                                   By J. P. Doster, Chairman.
"Attest:  D. M. King, Treasurer."

The petition alleged that a certified copy of the following resolution referred to in said note was attached thereto at the time of the execution thereof:

"Whereas, Wilcox county, Ga., desires to borrow the sum of $20,000 for a period of six months, from September 2, 1917, and at a rate of interest not exceeding eight per cent. per annum; and

"Whereas said money is to be borrowed for the purpose of defraying expenses of said county in anticipation of collection of taxes;

"Now, therefore, be it resolved, by the commissioners of roads and revenues of said Wilcox county, Ga., that the chairman of said commissioners of roads and revenues of Wilcox county, Ga., be authorized, empowered, and instructed, and he is hereby expressly authorized, empowered, and instructed, to borrow the sum of twenty thousand ($20,000) dollars for said Wilcox county, Ga., the same to be due and payable six months from September 2, 1917, and at a rate of interest not exceeding eight per cent. per annum.

"Be it further resolved by the said commissioners of roads and revenues of said Wilcox county, Ga., that to better secure the payment of said sum, together with any interest that may accrue thereon after maturity, the chairman of said commissioners of roads and revenues is hereby expressly authorized, empowered and instructed to execute the said county of Wilcox's note therefor, according to the terms mentioned above, and to pledge the faith, credit, and resources of said Wilcox county, Ga., to the punctual payment of said note, together with any interest that may accrue thereon after maturity, according to the above-mentioned terms.

"I hereby certify that the above is a true and correct copy of a resolution passed by the commissioners of roads and revenues of Wilcox county, Ga., at a meeting held the 29th day of August, 1917.

"[Seal.]                                   N. H. Patten, Clerk,
"Commissioners of Roads and Revenues, Wilcox County, Ga."

A general demurrer to the petition was sustained, and the cause was dismissed. The ruling on the demurrer is assigned as error.

The following is a provision of section 7 of article 7 of the Constitution of Georgia:

"Paragraph 1. *Debt of Counties and Cities Not to Exceed Seven Per Cent.* The debt hereafter incurred by any county, municipal corporation, or political division of this state, except as in this Constitution provided for, shall not exceed seven per centum of the assessed value of all the taxable property therein, and no such county, municipality, or division shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one-fifth of one per centum of the assessed value of taxable property therein, without the assent of two-thirds of the qualified voters thereof, at an election for that purpose, to be held as may be prescribed by law; but any city, the debt of which does not exceed seven per centum of the assessed value of the taxable property at the time of the adoption of this Constitution, may be authorized by law to increase, at any time, the amount of said debt, three per centum upon such assessed valuation."

[1] Under the above set out constitutional provision, a county, unless authorized by an election as stated, cannot incur any new debt, "except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one-fifth of one per centum of the assessed value of taxable property therein." The expression "casual deficiencies of revenue," as used in the above-quoted provision, means unforeseen or unexpected deficiencies of revenue, brought about, after the levy of taxes for a year, by casual and unanticipated causes. Lewis v. Lofley, 92 Ga. 804, 19 S. E. 57; Commercial Trust Co. v. Laurens County (D. C.) 267 Fed. 901. The petition contains no allegation as to an election or as to a casual deficiency of revenue.

[2] In behalf of the plaintiff in error it is contended that the recital contained in the note sued on has the effect of estopping the county to deny that a casual deficiency of revenue existed or that there had been an election authorizing the creation of the debt which the note purports to evidence. The county was not so estopped by such recital, if the instrument sued on disclosed the circumstances under which it was executed, and that the borrowing it purported to evidence was not constitutionally authorized under the circumstances so disclosed. The test is: What does the instrument as a whole disclose?' The taker of the note is chargeable with notice of the contents of the resolution, a certified copy of which was attached to the note at the time it was executed. Chaffee County v. Potter, 142 U. S. 355, 364, 12 Sup. Ct. 216, 35 L. Ed. 1040; Waite v. Santa Cruz, 184 U. S. 302, 316, 22 Sup. Ct. 327, 46 L. Ed. 552.

The resolution specifies the purpose for which the money was to be borrowed, namely, "for the purpose of defraying expenses of said county in anticipation of collection of taxes." The resolution does not purport to show that the borrowing was authorized by an election or by the existence of a casual deficiency of revenue. One having the resolution before him could not be deceived thereby into believing that the action of the county authorities in authorizing the borrowing of the money and the execution of the note was based on anything in addition to what was stated in the resolution. The resolution plainly indicates that the action it evidenced was taken without any regard to the constitutional limitation on the county's power to borrow money, and that the taking of that action was influenced by the unwarranted assumption that, without qualification or condition, the county was empowered to borrow the amount stated "for the purpose of defraying expenses of said county in anticipation of collection of taxes." It further discloses that the authority undertaken to be conferred on the chairman of the body which passed the resolution did not include authority to make the recital in the note sued on which is relied on as having the effect of estopping the county. So far as appears, no one having authority to speak for the county made any statement or representation, other than what was embodied in the resolution, as to the circumstances under which the note sued on was executed or attempted to be authorized.

[3] The plaintiff could not properly have been influenced to take the note by the recital claimed to have been relied on, as the attached resolution showed that the signer of the note, in embodying such re-

cital therein; exceeded the authority under which he acted. Where the authority of an agent is disclosed, his principal is not bound by what the agent says or does beyond the scope of the authority conferred. Citizens' Bank of Moultrie v. Rockdale County, 152 Ga. 711, 720, 111 S. E. 434. The note, considered in connection with the resolution, a copy of which was attached, does not disclose a state of facts under which it had the effect of creating or evidencing an obligation binding on the county, and it does not show that any one having authority to do so represented in behalf of the county that such a state of facts existed when the resolution was adopted.

As the petition does not show either that the note sued on evidenced a constitutional borrowing of the amount promised to be paid, or that the county had estopped itself to require proof of a compliance with the constitutional requirement, it must be regarded as failing to show a right to recover on that instrument. It follows that the ruling complained of was not erroneous.

The judgment is affirmed.