17455.   JEFF DAVIS COUNTY *v.* ATLANTA NATIONAL BANK.

The purchase of a tractor to be used on the roads of the county was a current expense of the county; the giving of the warrant in payment for the tractor was ample proof of the purchase, and the issues raised by the county as to the legality of the warrant for the purchase-price were, in view of the evidence, properly resolved in favor of the plaintiff.

DECIDED DECEMBER 14, 1926.

Complaint; from Jeff Davis superior court—Judge Highsmith. April 12, 1926.

*J. C. Bennett,* for plaintiff in error.

*A. S. Way, H. H. Elders,* contra.

PER CURIAM.   In April, 1923, R. H. Ballard sold a tractor to Jeff Davis county; P. A. Carter, county commissioner, gave him a county warrant therefor; and within two days after receipt of the warrant Ballard indorsed and assigned it to the Atlanta National Bank. Payment of the warrant was refused by the county, and the Atlanta National Bank brought suit thereon to the July term, 1923, of the court. The defendant in its answer alleged that it did not purchase the tractor, that it was to purchase the tractor if it proved satisfactory after a thirty days demonstration by Ballard, and that Ballard failed to demonstrate it for that length of time, and that such purchase, if made, was illegal. The judge, without the intervention of a jury, rendered a judgment in favor of the plaintiff, and the defendant excepted. Error is assigned on the grounds, that $200 should have been and was not credited for a burst block, that there was no evidence to authorize

Appeal and Error, 4 C. J. p. 879, n. 84.

Counties, 15 C. J. p. 545, n. 47 New; p. 598, n. 5; p. 599, n. 22; p. 668, n. 42 New.

the interest embodied in the judgment, and that the purchase-price exceeded available funds of the county, or funds that could be legally raised during the year in which the contract for the tractor was alleged to have been made.

The evidence showed that the credit of $200 was given to the county. Carter, the commissioner, testified: "He (Ballard) wanted it (the warrant) before he went away, and he said he would take off $200 for the cylinder being bursted; then he deducted sixty odd dollars for freight we had paid, and I think he gave Hilley $40." Ballard testified: "Over $200 was deducted from the original amount he was to pay." McLoon, referring to the burst block, said: "That was held back in the warrant." The warrant provides for payment of 6% interest and was given by the duly authorized agent of the defendant county. There is ample evidence to show that after seeing the tractor demonstrated for ten days or two weeks, and after knowing of the alleged defects in it, the county commissioner gave a warrant for the tractor. The commissioner himself testified: "I gave him the warrant after seeing the trouble the man had." The giving of the warrant in payment for the tractor was ample proof of the purchase of the same. Evidence was submitted to the court as to the financial status of the county, and the current expenses for the year in which the tractor was purchased. The trial judge having passed upon the case without the intervention of a jury, his findings on questions of fact, if supported by any evidence, can not be disturbed.

Under all the evidence in the case it is apparent that the county warrant was a legitimate demand against the county. "From the earliest times it has been the declared policy of this State that each year shall be a fiscal unit, and that current expenses should be met by a levy of taxes of the same year that the expenses were incurred. The system of taxation originally devised, and which still remains in force in this State, is that taxes shall be levied in the late summer or fall, and collected in the latter part of the year. At the time of the adoption of the constitution of 1877 the taxpayer was given until December 20, in which to pay the taxes assessed for that year; so that the revenue derivable from taxes was not available until near the close of the year. In the meantime it is necessary that the governing officers of the county should

discharge the duties imposed by law of keeping up the bridges of the county, caring for paupers, keeping the public buildings in repair, providing for the expense of courts, and for other necessary current expenses of running the affairs of the county." *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 809 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. Rep. 244). See, in this connection, *Wilson* v. *Gaston*, 141 *Ga.* 770 (82 S. E. 136); *Wright* v. *Southern Ry. Co.*, 146 *Ga.* 581 (2) (91 S. E. 681). The purchase of the tractor to be used on the roads of the county was a current expense of the county.

The issues raised by the defendant county as to the legality of the warrant were, in view of the evidence adduced on the trial and the authorities cited above, resolved in favor of the plaintiff bank.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., absent on account of illness.*