HOUSTON COUNTY *v.* PEACH COUNTY; *et vice versa.*

Nos. 6879, 6901. JULY 20, 1929.

*C. E. Brunson, Duncan & Nunn,* and *Hall, Grice & Bloch,* for plaintiff.

*W. H. Harris,* for defendant.

HILL, J. Houston County brought suit against Peach County for the sum of $57,357.62. The suit was brought under authority of the act of 1924, creating the County of Peach (Ga. L. 1924, p. 39 et seq.), and there are numerous voluminous exhibits attached to the petition and amendments, showing how the indebtedness arose, all of which it is unnecessary to set out in detail. It appears from the petition that there were certain taxes amounting to approximately $75,000, which were due in the year 1924, but not collected on December 31, 1924, the date when settlement between the counties was to take effect; and this sum was not taken into consideration in arriving at the indebtedness due by Peach County. One ground of the demurrer raises the point that Peach County is entitled to this credit; and if it is allowed, instead of Peach County being indebted to Houston County, the latter county will have a surplus in its treasury of some $17,000, and these facts appearing in the petition, it sets out no cause of action. The demurrer was sustained and the petition dismissed, which judgment is excepted to. This is the controlling question in this case. By section 1 of the constitutional amendment under which Peach County was created it is provided: "It is especially provided that all ad valorem and special taxes and all other revenues realized for the year in which this amendment is adopted or ratified by the qualified voters of this State shall be applied to any indebtedness, except bonded indebtedness, due and owing by either of the counties from which the said Peach County is created; it being the purpose of this provision to fix the basis of settlement between the counties involved upon their financial condition on the 31st day of December next following the ratification of this amendment." The amendment to the constitution, creating the County of Peach, was ratified on November 4, 1924. The defendant filed a cross-bill of exceptions, alleging error in the overruling of certain special demurrers. The bill of exceptions recites that the court below, after considering the original petition and amendments thereto, and the defendant's demurrer, passed an order sustaining the defendant's general demurrer to the petition as amended, and dismissed it "on the sole ground that no indebtedness was shown

by the petition as amended, and no cause of action was therefore set out in the petition as amended." It was to this ruling of the court, sustaining the general demurrer and dismissing the petition as amended, that the plaintiff excepted.

An amendment to the constitution of Georgia was proposed in 1924 (Ga. L. 1924, p. 39), creating a new county, to be named Peach County, from territory originally embraced within the Counties of Houston and Macon. The amending act passed the General Assembly, and was subsequently ratified by a vote of the people of the State of Georgia on November 1, 1924. The act of 1924 declares that "all ad valorem and all special taxes and all other revenues realized for the year in which this amendment is adopted or ratified by the qualified voters of this State shall be applied to any indebtedness due and owing by either of the counties from which the said Peach County is created; it being the purpose of this provision to fix the basis of settlement between the counties involved upon their financial condition on the 31st day of December next following the ratification of this amendment." Houston County brought this suit against Peach County under the authority conferred by the act of 1924, alleging in substance that the total indebtedness of Houston County, on December 31, 1924, amounted to $268,493.20; that the taxes realized for the year 1924 amounted to $211,135.58; that the difference amounted to $57,-357.62; that the County of Houston was entitled to a judgment against Peach County for the latter's proportionate part of the amount, which was alleged to be $14,615.78; and that a written demand was made by Houston County on Peach County for that amount on December 22, 1925, and payment was refused. Five amendments to the petition were made to meet certain special demurrers; after which the demurrers were renewed, and the court sustained the general demurrer. One of the amendments to the petition alleged that the unpaid taxes on the tax-digest of Houston County for 1924, and not "realized" until the year 1925, amounted to $75,086.14, and that $64,682.18 collected in 1924 was revenue for previous years.

There are a number of items of expense incurred in the year 1923, which were payable, and actually paid, in 1924, from the taxes due in 1923, such as certain notes, bridge accounts, etc.; some of the 1923 taxes were collected in 1924 and applied to the

1923 indebtedness. Similarly the taxes levied for the year 1924 were actually collected in 1925, and applied to the 1924 indebtedness. The judge held that the total tax for 1924, some of which was collected in 1925, was sufficient to pay the total indebtedness due on December 31, 1924, with a surplus of some $17,000. The petition alleges "a net indebtedness due on December 31, 1924, of $57,357.62; taxes collected from 1924 digest during 1925, $75,-086.14." In other words, out of taxes owing Houston County on December 31, 1924, more than enough was collected to pay all indebtedness due on December 31, 1924. In the various exhibits attached to the petition were numerous items of expense and revenue of years prior to 1924, and in the briefs there is some argument from these items; but taking the allegations of the petition as to the totals of expense and revenue due by and owing to Houston County on December 31, 1924, there was an excess of $17,000 to the credit of Houston County, after paying all its debts due on December 31, 1924.

In the view we take of this case, the controlling question is whether the petition as amended shows that on December 31, 1924, Houston County had "realized" enough from ad valorem and special taxes and all other revenues for 1924 to be applied in settlement of indebtedness (except bonded indebtedness) owing by either of the counties from which Peach County was created, "it being the purpose of this provision to fix the basis of settlement between the counties involved upon their *financial condition* [italics ours] on the 31st day of December next following the ratification of this amendment." Ga. L. 1924, p. 45. Now, what was the "financial condition" of Houston County on December 31, 1924? It had assessed, but had not collected for that year (in addition to what had already been collected), $75,086.14. But this amount was collected in 1925, and, when collected, was more than enough, according to the pleadings, to discharge the legal indebtedness of Houston County "for the year" 1924. So, on the basis of the "financial condition" of Houston County, as of date December 31, 1924, it had "realized," within the meaning of the act, enough to discharge its indebtedness on that date. It is true that the $75,086.14 uncollected taxes for 1924 were not actually collected until 1925, but they were assessed and collected, and presumably paid out on the legal indebtedness of Houston County. Compare

*Mayor &c. of Hogansville* v. *Planters Bank,* 147 *Ga.* 346 (94 S. E. 310). This $75,086.14, assessed in 1924 but collected in 1925, was paid by the taxpayers of both Houston and Peach Counties, and was collected for the purpose of paying the legal indebtedness of the whole territory of both counties incurred in 1924, and presumably it was so applied. For what other purpose could it be legally applied? Whose property was it? Manifestly it was the property of both counties. If that be true, would it be legal and fair to collect taxes out of the defendant "for the year 1924" and pay the indebtedness of the parent county, and then compel the new county to pay again what has already been assessed against and paid by it? When the $75,086.14 was collected in 1925, it was more than enough, according to the pleadings, to pay the indebtedness incurred "for the year 1924," and it would be manifestly unfair to collect it again, or Peach County's proportionate part of it. So we are of the opinion that it was the purpose of the amendment to the constitution of 1924 to adjust the accounts between Houston and Peach Counties on the basis of the "financial condition" on December 31, 1924. It was evidently the purpose of the legislature, in submitting the amendment to the constitution for ratification, to charge the gross amount of indebtedness of the parent county to that county, at the end of the year in which the amendment might be ratified, but allowing to be credited on that amount all revenue derived from taxes "for that year." And it could not have been in the mind of the legislature to confine the "revenues realized for the year" in which the amendment was ratified to revenue actually collected in that year only; for it is a matter of common knowledge that the taxes assessed for a given calendar year are rarely, if ever, all collected in that year. Unless the language of the act of 1924 is so clear, and we do not think it is, as to authorize the inference that the legislature intended to depart from the general scheme of taxation in this State, the act will not be given that construction. The construction here given to the act is in harmony with the general scheme of taxation in this State. The law provides that the taxpayer in this State has until December 20 of each year within which to pay his taxes (Civil Code of 1910, § 1229) ; in default of which payment execution will issue after that date—too late for the taxes to be collected by levy and sale for that year. The purpose of taxation for a given year

is that the legal expenditures for that year will be offset by the taxes levied for that year. And if the taxes are levied for the authorized expenditures of a given year, they may be collected, and often are collected, in the succeeding year, and are then available for the legal expenditures of the preceding year. Giving the act of 1924, proposing the amendment to the constitution, the foregoing construction, we are of the opinion that taxes levied in 1924 but collected in 1925, were "revenues realized for the year in which" the amendment was ratified, viz., 1924. The petition fails to allege an indebtedness due by Peach County to Houston County, and the court did not err in sustaining the general demurrer.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*